COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 


 
 
  
 YSLETA INDEPENDENT SCHOOL
 DISTRICT,
  
                             Appellant,
  
 v.
  
 MARCELINO FRANCO,
                           
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 § 
  
 
 
  
  
 No. 08-12-00061-CV
  
 Appeal from the
  
 34th
 Judicial District Court
  
 of El
 Paso County, Texas
  
 (TC# 2003-213)
  
 
 
 
 
  
 
 
  
 
 
  
 
 


O
P I N I O N

In this whistleblower case, the Ysleta
Independent School District (“District”) appeals the trial court’s order
denying its plea to the jurisdiction.  The
District contends that the trial court erred because Marcelino Franco failed to
report a violation of law to an “appropriate law enforcement authority” as required
by the Whistleblower Act.  For the
reasons that follow, we affirm.

FACTUAL
AND PROCEDURAL BACKGROUND

            Franco was employed as a principal of a
pre-kindergarten school when he reported asbestos hazards in his school to District
officials.  He did so by first bringing
them to his immediate supervisor’s attention in two separate memorandums
addressed to her, the second of which had supporting documentation attached to
it.  When his supervisor failed to act,
Franco addressed a third memorandum to her and to the superintendent and trustees of the District.  In it, Franco recounted pertinent points that
he had raised in his previous memorandums to his supervisor and provided
additional information that he had uncovered regarding the history of asbestos
in his school and its remediation or lack thereof.  As with the second memorandum, the third
memorandum was supported with documentation.

Slightly more than two months later, Franco
was suspended.[1]  Franco then sued the District pursuant to the
Whistleblower Act.[2]  Franco alleged that the District’s failure to
respond to an asbestos hazard violated the Asbestos Hazard Emergency Response
Act (“Asbestos Act” or “Act”).  He also
alleged that he “made a good faith report of violation of law to a law
enforcement authority,” and that he was suspended in retaliation for doing so.

The District filed a plea to the jurisdiction
asserting that Franco’s claims were barred by sovereign immunity because he
failed to allege the jurisdictional facts necessary to invoke the Whistleblower
Act.  In particular, the District
maintained that it was not an “appropriate law enforcement authority” to which
Franco could have properly reported a violation of the Asbestos Act because it
was “not charged with the authority to regulate, enforce, investigate, or
prosecute [the Act].”  After hearing the
plea and taking it under advisement, the trial court denied the District’s plea
to the jurisdiction.  This interlocutory
appeal followed.[3]

STANDARD
OF REVIEW

            Governmental immunity
from suit defeats a trial court’s subject matter jurisdiction and is properly
asserted in plea to the jurisdiction.  Tex. Dept. of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 225-26 (Tex. 2004).  Whether the trial court has subject matter
jurisdiction is a question of law, which we review de novo.  Id. at 226.  A plaintiff bears the burden of alleging
facts affirmatively demonstrating that the trial court has subject matter
jurisdiction.  Id.  In determining whether a
plaintiff has done so, we construe the pleadings liberally in the plaintiff’s
favor and look to the pleader’s intent.  Id. 
In determining a plea to the jurisdiction, we can also consider
evidence, and must do so when necessary, to resolve the jurisdictional
issue.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000).  If evidence negates the existence
of jurisdictional facts as a matter of law, the trial court should grant the
plea.  City of Waco v. Lopez, 259 S.W.3d 147, 150 (Tex. 2008).  However, if evidence does not negate jurisdiction
as a matter of law or if it creates a fact issue, the trial court should deny
the plea.  Id.

THE
WHISTLEBLOWER ACT

The Whistleblower Act contains an express
waiver of immunity from suit.  Specifically,
a public employee who alleges a violation of the Whistleblower Act may sue the
employing state or local government entity for the relief provided by the Whistleblower
Act.  Tex.Gov’t
Code Ann. § 554.0035.  In
determining whether an employee has alleged a violation occurred, we consider
whether the factual allegations would actually constitute a violation of the
Act.  State
v. Lueck, 290 S.W.3d 876, 881 (Tex. 2009). 
However, a plaintiff need not prove his claim to satisfy the
jurisdictional hurdle, and the burden of proof with respect to the
jurisdictional facts does not involve a significant inquiry into the substance
of the claims.  Id.

Appropriate Law Enforcement Authority

Under the Whistleblower Act, a state or local
governmental entity may not suspend or terminate the employment of, or take
other adverse personnel action against, an employee who makes a good faith
report to an appropriate law enforcement authority that the entity or another
employee has violated the law.  Tex.Gov’t Code Ann. § 554.002(a); Lueck, 290 S.W.3d at 878.  As defined by the Whistleblower Act, a report
is made to an appropriate law enforcement authority if the authority is “a part
of a state or local governmental entity or of the federal government that the
employee in good faith believes is authorized to:  (1) regulate under or enforce the law alleged
to be violated in the report; or (2) investigate or prosecute a violation of
criminal law.”  Id. at § 554.002(b).  Good
faith, in the context of an appropriate law enforcement authority, means that:  “(1) the employee believed the governmental
entity was authorized to (a) regulate under . . . enforce . . . (b) investigate
or prosecute a violation of . . . law; and (2) the employee’s belief was
reasonable in light of the employee’s training and experience.”  Tex.
Dept. of Transp. v. Needham, 82 S.W.3d 314, 321 (Tex. 2002).

Report to the Superintendent and Trustees of
the District

            On appeal, the District contends that “Franco
failed to establish in any way either his subjective belief that [the District]
was an appropriate law enforcement authority or that any such belief was objectively
reasonable.”[4]  Specifically, the District argues that, in
the absence of other evidence, Franco’s belief that the District had the
authority to prevent a violation of the Asbestos Act “does not [alone] satisfy
either the objective or subjective components of good faith belief that [the District]
is an appropriate law enforcement authority.” 
We are not persuaded.

            The evidence establishes
that Franco subjectively believed that the superintendent and trustees were authorized
to regulate under or enforce the Asbestos Act. 
In particular, Franco’s deposition, submitted as part of his response to
the District’s plea, reveals his subjective belief.  Franco testified that he reported a violation
of the Asbestos Act to the District, which he contended was a law enforcement
authority.  When asked if he understood
that the District did not “go out and prosecute or investigate people for
alleged asbestos-related crime,” Franco testified that he did not, “[b]ut . . .
[knew] from . . . Whistleblowers [sic] Act that [he was] supposed to report it
to a governmental agency . . . .”  Significantly, he testified that “the [District]
was the governing official or law enforcement or police – whatever you want to
call it – that [he] report[ed] [the violation of the Asbestos Act] to.”  Likewise important was Franco’s testimony
that “the board members and the superintendent . . . were [the] people who
could enforce the [Asbestos Act].”

            The evidence also raises
a fact issue as to whether Franco had an objectively reasonable belief that the
superintendent and trustees were authorized to regulate under or enforce the
Asbestos Act in light of his training and experience.  As noted above, Franco testified in his deposition
that he knew he was required to report violations of the Asbestos Act to a
governmental agency.  A school district
is a governmental agency and a district’s trustees have the exclusive power and
duty to govern and oversee the management of the public schools of the
district.  See Farran v. Canutillo Indep. Sch. Dist., No. 08-10-00289-CV, 2012
WL 2127727, at *6 (Tex.App.--El Paso June 13, 2012, pet. filed), citing Tex.Educ.Code
Ann. § 11.151(b)(West 2006).  Furthermore, Franco’s memorandums reveal that
district officials were directing him in the manner he was to implement the District’s
policies on asbestos containment.  In one
memorandum to his immediate supervisor, Franco stated that “[i]n regards to the
‘asbestos’ implications,” he had contained the “damage factor” as instructed by
“district officials.”  In another
memorandum, addressed to his supervisor and to the District’s superintendent
and trustees, Franco alleged that a District employee had asked that he and his
secretary destroy the old asbestos management plan and replace it with a new
one that “delete[d] information and contain[ed] very interesting findings and
costs.”

            Franco could also have
believed that the Asbestos Act and its implementing federal regulations empowered the District to regulate under or
enforce the Act.  In particular, the
federal regulations promulgated by the EPA, which Franco produced as part of
his response to the plea, require a local education agency to develop an
asbestos management plan for each school, implement it, and maintain and update
it.[5]  40 CFR § 763.93(a)(1), (c), (d)(West 2012).  Indeed, pursuant to Section 763.97, which is titled
“Compliance and enforcement,” it is unlawful for any local education agency to
fail to develop a management plan and a local education agency is subject to
civil and criminal penalties for violating the Act and its implementing
regulations.  Id. at § 763.97(a)(1)(iii), (a)(2), (b)(4), (c).  In addition, the regulations promulgated by
the EPA place much of the onus for asbestos response and remediation on a local
education agency.  Significantly, Section
763.84, which is titled “General local education agency responsibilities,” requires
a local education agency to:

(a)    Ensure that the activities of any persons who
perform [the responsibilities required by the regulations] are carried out in
accordance with [them].

 

.               .               .

 

(c)
Ensure that . . . building occupants, or their legal guardians, are informed .
. . about inspections, response actions, and post-response action activities .
. . .

 

.               .               .

 

(g)(1)
Designate a person to ensure that requirements under [the regulations] are properly
implemented.

 

(2)
Ensure that the designated person receives adequate training to perform duties
assigned under [the regulations] . . . [including knowledge of] . . . .

 

.               .               .

 

(v)
Relevant Federal and State regulations concerning asbestos . . . .

 

40 CFR § 763.84(a), (c), (g)(1), (g)(2)(v).

 

            In light of the
foregoing and indulging all reasonable inferences in favor of Franco, as we are
required to do, we conclude that Franco produced sufficient evidence of his
good faith belief that the District’s superintendent and trustees were
authorized to regulate under or enforce the Asbestos Act and that his belief
was reasonable in light of his training and experience.  See Farran,
2012 WL 2127727, at *6-8 (holding that whistleblower produced sufficient
evidence of his good faith belief by reporting improper expenditures of school
funds to school district’s superintendent, internal auditor, and trustees because,
among other reasons, superintendent’s duties included maintaining a system of
internal controls to deter and monitor for financial impropriety and district’s
procedure for employee complaints specifically addressed what it termed Whistleblower
complaints); Moreno v. Tex. A&M
Univ.-Kingsville, 339 S.W.3d 902, 912-13 (Tex.App.--Corpus Christi 2011,
pet. filed)(holding that whistleblower produced sufficient evidence of her good
faith belief by reporting suspected violations of the tuition waiver provision,
as required by university policy, to university president who had the power to
enforce compliance with the tuition waiver provision); Tex. Dept. of Human Servs. v. Okoli, 317 S.W.3d 800, 811
(Tex.App--Houston [1st Dist.] 2010, pet. filed)(holding that whistleblower
produced sufficient evidence of his good faith belief by citing to an internal
policy requiring him to report misconduct to his supervisor and to other
individuals situated higher in the agency’s organizational structure).

            We are not persuaded by
the District’s reliance on this Court’s decision in Moore v. City of Wylie, 319 S.W.3d 778 (Tex.App.--El Paso 2010, no
pet.).  In Moore, the plaintiff, a building inspector, presented
evidence of his subjective belief that another building inspector had violated the
law by failing to report unspecified
code violations.  Id. at 786.  We held that the evidence relied on by Moore was
not evidence of his subjective belief that the city department or his
supervisor had any authority to investigate or prosecute the other building
inspector’s alleged violation of the law. 
Id.  We also concluded that Moore’s evidence
likewise did not constitute evidence that would allow a reasonably prudent
employee in similar circumstances to conclude that the department or the
plaintiff’s supervisor had authority to prosecute the other building inspector for
failing to report a code violation.  Id.

            This
is not the situation here.  Franco produced evidence of his subjective
belief that the superintendent and trustees were authorized to regulate under or
enforce the Asbestos Act.  Franco
testified in his deposition that he believed that the District was the body to
which he should report violations of the Asbestos Act because, in his mind, the
trustees and superintendent had the authority to enforce the Act.  Moreover, unlike the plaintiff in Moore, Franco produced sufficient
evidence to raise a fact issue as to whether, in light of his training and
experience, he had an objectively reasonable belief that the superintendent and
trustees were authorized to regulate under or enforce the Asbestos Act.  The Act and its implementing regulations require
a school district to ensure that asbestos remediation be carried out in
accordance with those regulations and to ensure that the requirements under the
Act and regulations are properly implemented. 
The memoranda drafted by Franco show that he was being directed by District
officials to implement their policies on asbestos containment.

            Having determined that
Franco produced sufficient evidence of his good faith belief that the District’s
superintendent and trustees were authorized to regulate under or enforce the
Asbestos Act and that his belief was reasonable in light of his training and
experience, we hold that the trial court did not err in denying the District’s
plea to the jurisdiction.

CONCLUSION

            We affirm
the judgment of the trial court below.

 

 

 

December
27, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before
McClure, C.J., Rivera, and Antcliff, JJ.











[1]
A few weeks before his suspension, Franco was reassigned from the pre-kindergarten school to an
elementary school.

 





[2]
Tex.Gov’t Code Ann. § 554.001 et seq.(West 2012).

 





[3]
See
Tex.Civ.Prac.&Rem.Code
Ann. § 51.014(a)(8)(West Supp.
2012)(permitting state agency to file interlocutory appeal from denial of plea
to the jurisdiction).





[4]
In its brief, the District also raises two additional arguments why it was not
the appropriate law enforcement authority to which Franco could have properly reported a violation of the Asbestos
Act.  First, the District contends
that the Asbestos Act, the federal regulations promulgated by the EPA, and the
state regulations promulgated by the Texas Department of Health make clear that
“the investigation and enforcement of any failure to perform under the Act
falls to the EPA Administrator, the Governor, and/or the Texas Department of
Health, not the . . . district.”  Second,
the District asserts that its authority to discipline employees internally and
its ability to comply with the Asbestos Act did not equate to authority to
regulate under or enforce the Asbestos Act. 
Whether the District is correct in so arguing is irrelevant,
however.  A determination that a
governmental entity is not authorized to regulate under or enforce the
particular law at issue in a case does not necessarily end the inquiry because
a plaintiff may still obtain Whistleblower Act protection if he in good faith
believed that the governmental entity was an appropriate law enforcement
authority.  See Needham, 82 S.W.3d at 320.





[5]
In relevant part, a local education agency is defined by the EPA regulations as
“[a]ny local education agency as defined in section 198 of the Elementary and
Secondary Education Act of 1965 (20 U.S.C. 3381).”  40
CFR § 763.83(1).  There is no
dispute that the District is a local education agency subject to the
requirements of the Act and its implementing regulations.