
March 13, 2017

The Honorable Richard Peña Raymond
Chair, Committee on Human Services
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0136

Re: Whether the State Long-Term Care Ombudsman may register a position and testify for or against legislation pending before the Texas Legislature (RQ-0130-KP)

Dear Mr. Raymond:

The State Ombudsman (the "Ombudsman") is the chief administrator of the Office of the State Long-Term Care Ombudsman (the "Office"). TEX. HUM. RES. CODE § 101A.251(5). As discussed more fully below, both Texas and federal law authorize and require the Office to recommend changes to the law it deems necessary concerning long-term care facilities and services. You ask whether these state and federal duties allow the Ombudsman to "testify 'For' or 'Against' proposed legislation" at a legislative committee hearing or whether the Ombudsman may only "testify 'On'" legislation because of statutory ethics requirements applicable to state agencies and employees.[1] Request Letter at 1.

We begin by considering the authority and duties of the Ombudsman and the Office under Texas law. Chapter 101A, subchapter F, of the Texas Human Resources Code governs the Office, TEX. HUM. RES. CODE §§ 101A.251–.264. The Department of Aging and Disability Services (the "Department") operates the Office. Id. § 101A.252; see also id. § 101A.001(2) (defining "Department" as the Department of Aging and Disability Services). The Office must "provide information to public agencies, legislators, and others that relates to the problems and concerns of elderly residents." Id. § 101A.261. Chapter 101A specifically requires the Office to "analyze and monitor the development and implementation of federal, state, and local laws, rules, regulations, and policies relating to long-term care facilities and services and *shall recommend any changes the office considers necessary*." Id. § 101A.260 (emphasis added). Another statute also requires the Office to make legislative recommendations when it prepares its annual report to the Governor and the presiding officer of each house of the Legislature:

> (a) The office shall prepare an annual report that contains:

---

[1]Letter from Honorable Richard Peña Raymond, Chair, House Comm. on Human Servs., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Sept. 21, 2016), https://www. texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

> (1) information and findings relating to the problems and complaints of elderly residents; and
>
> (2) policy, regulatory, and *legislative recommendations* to solve the problems, resolve the complaints, and improve the quality of the elderly residents' care and lives.

*Id.* § 101A.262 (emphasis added).[2]

In addition to these requirements, chapter 101A requires the Office and the Ombudsman program to "operate in cooperation with any regulatory agency funded and mandated by the Older Americans Act of 1965 (42 U.S.C. Section 3001 et seq.) and state statute." *Id.* § 101A.253 ("Role of Office"). Further, the chapter grants the Ombudsman and the Office all "powers and duties required by state and federal law." *Id.* § 101A.254. Thus, we next consider powers and duties required by federal law and incorporated into state law.

Under the federal Older Americans Act (the "Act"), a state may obtain federal funding by establishing and operating "an Office of the State Long-Term Care Ombudsman office . . . headed by . . . the State Long-Term Care Ombudsman," to carry out a program meeting specified requirements. 42 U.S.C. § 3058g(a)(1)–(3). Under federal law, the Ombudsman has a duty to:

> (i) analyze, comment on, and monitor the development and implementation of Federal, State, and local laws, regulations, and other governmental policies and actions, that pertain to the health, safety, welfare, and rights of the residents, with respect to the adequacy of long-term care facilities and services in the State; [and]
>
> (ii) recommend any changes in such laws, regulations, policies, and actions as the Office determines to be appropriate[.]

*Id.* § 3058g(a)(3)(G)(i)–(ii). Federal regulations also require that policies and procedures for an ombudsman program enable a state ombudsman to independently recommend changes to the law without necessarily representing the position of the state agency that operates the ombudsman office (in Texas, the Department and the Office, respectively). 45 C.F.R. § 1324.11(e)(8); *see also id.* § 1324.13(a)(7)(i), (ii) (functions of Ombudsman). Moreover, "[s]uch procedures must exclude the Ombudsman and representatives of the Office from any state lobbying prohibitions to the extent that such requirements are inconsistent with [provisions of the Act governing state ombudsman offices]." *Id.* § 1324.11(e)(5)(i); *see also* 42 U.S.C. § 3058g, Pub. L. No. 102–375, § 712, 106 Stat. 1277.

Considering these state and federal duties of the Ombudsman, we next review Texas laws related to lobbying. Section 556.006 of the Government Code, captioned "Legislative Lobbying," restricts a state agency from using "appropriated money to attempt to influence the passage or

---

[2]*See, e.g.*, OFFICE OF THE STATE LONG-TERM CARE OMBUDSMAN, ANNUAL REPORT (Nov. 2014), https://www.dads.state.tx.us/news_info/ombudsman/docs/13-14annualreport.pdf (last visited Feb. 16, 2017).

defeat of a legislative measure." TEX. GOV'T CODE § 556.006(a); *see also id.* § 556.008 (prohibiting a state agency from using "appropriated money to compensate a state officer or employee who violates" subsection 556.006(a)). Thus, in some circumstances, subsection 556.006(a) does not allow an agency representative to testify in favor of or against particular legislation at a legislative committee hearing. The Ombudsman's recommendation of a new law would be an "attempt to influence the passage or defeat of a legislative measure," which subsection 556.006(a) prohibits. *Id.* § 556.006(a). To the extent that subsection 556.006(a) prohibits the Ombudsman from performing her statutory duty to comment on the law and make recommendations, it conflicts with chapter 101A of the Human Resources Code and 42 U.S.C. § 3058g. *Compare* TEX. GOV'T CODE § 556.006(a), *with* TEX. HUM. RES. CODE §§ 101A.260, .262(a)(2), *and* 42 U.S.C. § 3058g(a)(3)(G)(i), (ii).

Courts must harmonize statutes and give effect to each unless the statutes are irreconcilable. *See* TEX. GOV'T CODE §§ 311.025(b), .026(a). While subsection 556.006(a) generally prohibits lobbying, subsection (b) states further that it "does not prohibit a state officer or employee from using state resources to provide public information or *to provide information responsive to a request.*" *Id.* § 556.006(b) (emphasis added). While no judicial opinion has considered the issue, a court would likely conclude that when a statute specifically requires an agency representative to comment on the law and make recommendations, the statute itself is a legislative request under subsection 556.006(b). That being the case, the Ombudsman's statutorily required comments and recommendations constitute responsive information that section 556.006(b) allows, and therefore the Ombudsman may provide such comments and recommendations at a legislative hearing without violating subsection (a). *See Texans Uniting for Reform & Freedom v. Saenz*, 319 S.W.3d 914, 930 (Tex. App.—Austin 2010, pet. denied) (concluding that the lobbying prohibition in section 556.006 did not apply to prohibit federal legislative advocacy in light of another statute specifically authorizing an agency to advocate for federal legislation on behalf of the State).

Furthermore, when conflicting statutes cannot be reconciled, one of which is general and the other is specific, the specific statute usually prevails, although the general statute may prevail if it is the later enactment and manifests the intent that it prevail. *See* TEX. GOV'T CODE § 311.026(b); *see also City of Waco v. Lopez*, 259 S.W.3d 147, 153 (Tex. 2008) (stating "the principle that a specific statute will ordinarily prevail over a general statute when the two cannot be reconciled"). Subsection 556.006(a) of the Government Code applies generally to state agency officers and employees who attempt to influence the passage of legislation without regard to the subject or particular circumstances. *See* TEX. GOV'T CODE § 556.006(a). In contrast, chapter 101A of the Human Resources Code applies only to the Ombudsman and employees of the Office, requiring them to comment on and make recommendations only about laws relating to long-term care facilities and services. TEX. HUM. RES. CODE §§ 101A.260, .262(a)(2), *see also* 42 U.S.C. § 3058g. A court would likely conclude that these duties in the Human Resources Code are specific legislation, while the prohibition in section 556.006 of the Government Code is general.

The Legislature enacted the prohibition in section 556.006 of the Government Code in 1997, and the legislation establishing the duties of the Office and the Ombudsman in 1989.[3] Nevertheless, nothing in the 1997 legislative enactment manifests the intent that the general prohibition against attempting to influence the passage or defeat of legislation prevails over the Ombudsman's specific statutory duties to comment and make recommendations concerning state law. Therefore, a court would likely conclude that the duties of the Office and the Ombudsman to comment and make recommendations under sections 101A.260 and 101A.262 of the Human Resources Code prevail as exceptions to the general prohibition in section 556.006 of the Government Code. *See Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 297 (Tex. 2011) (stating the general rule that "a specific statutory provision prevails as an exception over a conflicting general provision"). Accordingly, the Ombudsman may register a position and testify for or against legislation pending before the Texas Legislature to the extent necessary to perform her state and federal duties.[4]

---

[3]*Compare* Act of May 28, 1997, 75th Leg., R.S., ch. 1035, § 86, 1997 Tex. Gen. Laws 3845, 3866–67, *amended by* Act of May 29, 1999, 76th Leg., R.S., ch. 1498, § 1, 1999 Tex. Gen. Laws 5153, 5154–55, *with* Act of May 9, 1989, 71st Leg., R.S., ch. 159, § 1, 1989 Tex. Gen. Laws 538, 538–40, *renumbered and amended by* Act of March 26, 2015, 84th Leg., R.S., ch. 1, § 4.361, 2015 Tex. Gen. Laws 1, 828, 833 (adding chapter 101A, subchapter F).

[4]Because we resolve this issue on state-statutory-construction grounds, we need not address whether federal law imposes conditions with respect to lobbying that attach to federal funds received by the State and appropriated for the Office's use. *See* Tex. Att'y Gen. Op. No. JC-0161 (1999) (considering whether federal funds granted to the Texas Council for Developmental Disabilities fall within the reach of the State's lobbying prohibitions).

## S U M M A R Y

Chapter 101A of the Human Resources Code requires the State Long-Term Care Ombudsman to comment on and make recommendations about laws relating to long-term care facilities and services. Chapter 556 of the Government Code does not preclude the Ombudsman from performing her statutory duty to make such comments and recommendations. Accordingly, the State Long-Term Care Ombudsman may register a position and testify for or against legislation pending before the Texas Legislature to the extent necessary to perform her statutory duty.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee