CITY OF WACO, Texas, Petitioner,

v.

Robert LOPEZ, Respondent.

No. 06–0089.

Supreme Court of Texas.

July 11, 2008.

Rehearing Denied Aug. 29, 2008.

Enid Allyn Patterson Wade, Greg White, Naman Howell Smith & Lee, L.L.P., Waco, Bradley A. Areheart, DLA Piper U.S. LLP, Austin, TX, for Petitioner.

R. John Cullar, Cullar & McLeod LLP, Waco, TX, for Respondent.

Ramon G. Viada III, Viada & Strayer, The Woodlands, Rance L. Craft, Office of Attorney General, Austin, TX, for Amicus Curiae.

Justice WAINWRIGHT delivered the opinion of the Court.

The City of Waco appeals the denial of its plea to the jurisdiction in this Whistleblower Act suit filed by a former city employee, Robert Lopez, alleging retaliatory discharge for reporting age and race discrimination in violation of the City's EEO policy. We hold that the Texas Commission on Human Rights Act (CHRA), TEX. LAB.CODE §§ 21.001–.556, provides the exclusive state statutory remedy for Lopez's retaliatory discharge claim because he is a covered employee under the CHRA and his retaliation claim falls squarely within the CHRA's ambit. Because Lopez's retaliation claim is not actionable under the only pleaded theory and the pleadings and evidence establish that Lopez has not satisfied the administrative prerequisites for maintaining a retaliation claim under the CHRA, we reverse the court of appeals' judgment and dismiss the case.

## I. Factual and Procedural Background

On August 17, 2001, the City of Waco transferred Robert Lopez from his position as Chief Plumbing Inspector to a position in the plumbing code enforcement division. Although the City asserted that Lopez was transferred based on complaints about his attitude, Lopez filed a grievance with the City's EEO officer on August 20, 2001, complaining that the transfer was based on his age and race in violation of the City's EEO policy. He was transferred back to his original position shortly thereafter, but on October 5, 2001, the City terminated his employment for taking a City vehicle from Waco to Austin without obtaining prior approval, contrary to City policy.

On December 26, 2001, Lopez sued the City under the Whistleblower Act, TEX.

Gov't Code §§ 554.001–.010, claiming that he was fired in retaliation for filing a grievance with the EEO officer pursuant to the City's EEO policy. The City filed a plea to the jurisdiction, arguing that the CHRA was the exclusive remedy for Lopez's retaliatory discharge claim. The City also asserted that Lopez did not meet the Whistleblower Act's requirements because the EEO policy did not constitute a "law," and even if it did, Lopez did not report the alleged violation to the "appropriate law enforcement authority." Lopez countered that: 1) the CHRA does not preclude his suit under the Whistleblower Act because he did not file a complaint under the CHRA; 2) the EEO policy qualifies as a "law" under the Whistleblower Act because it was adopted by the City of Waco through a resolution; and 3) the EEO officer was the appropriate law enforcement authority to which to report an alleged violation of the EEO policy. The trial court denied the City's plea to the jurisdiction, and a divided court of appeals affirmed. 183 S.W.3d 825; *see* Tex. Civ. Prac. & Rem.Code § 51.014(a)(8) (authorizing an interlocutory appeal from the denial of a plea to the jurisdiction). We granted the City's petition for review.

## II. Law and Analysis

In the plea to the jurisdiction, the City argued that the trial court lacked jurisdiction because Lopez failed to allege a claim for which the City's governmental immunity has been waived, either because he failed to pursue his exclusive remedy under the CHRA or because he cannot satisfy one or more of the requirements of the Whistleblower Act as a matter of law. Sovereign immunity from suit defeats a trial court's jurisdiction and thus is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225 (Tex.2004).

In an appeal of a ruling on a plea to the jurisdiction, a reviewing court must determine whether facts have been alleged that affirmatively demonstrate jurisdiction in the trial court. *Id.* The court must also consider evidence tending to negate the existence of jurisdictional facts when necessary to resolve the jurisdictional issues raised. *Id.* at 227. The court construes the pleadings liberally in favor of the plaintiff, and a fact question regarding jurisdiction prevents the court from granting the plea to the jurisdiction. *Id.* at 226–28. If the pleadings or evidence affirmatively negate a jurisdictional fact, however, a court may grant a plea to the jurisdiction without allowing the plaintiff to amend. *Id.* at 227. These are questions of law that we review *de novo. Id.* at 226–228.

It is undisputed that Lopez has not specifically alleged a violation of, or filed a complaint under, the CHRA. In his Whistleblower Act claim, Lopez has only complained that the City of Waco violated its own EEO policy, which he contends carries the force of law. Lopez contends that, because he did not specifically complain that the CHRA has been violated, he either was (1) precluded from asserting a retaliation claim under the CHRA or (2) was not required to assert his retaliation claim under the CHRA exclusively. We disagree with both of these contentions.

### A. The CHRA's Anti–Retaliation Provision

The CHRA makes it unlawful for an employer to retaliate "against a person who, under this chapter: (1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing." Tex. Lab.Code § 21.055. Covered "employees" under the Act include public employees (except elected officials),

and covered "employers" include counties, municipalities, state agencies, and state instrumentalities, regardless of the number of individuals employed. *Id.* § 21.002(7), (8)(D). The discriminatory practices made unlawful under the Act include adverse employment decisions based on race, color, disability, religion, sex, national origin, or age. *Id.* § 21.051.

Although Lopez never pled a CHRA claim, his internal grievance with the City complaining of age and race discrimination and his related retaliation claim indisputably implicate the CHRA's anti-retaliation provision, Section 21.055. Nevertheless, based on the "under this chapter" language in the CHRA's anti-retaliation provision, Lopez asserts that the Whistleblower Act is the only statute that afforded him any protection for having reported the EEO policy violation because he never filed a CHRA complaint with the Commission on Human Rights or its successor, the Texas Workforce Commission civil rights division (collectively "the Commission"),[1] or otherwise invoked the CHRA.

■ We reject Lopez's characterization of the CHRA and argument that his retaliation claim was not actionable under the CHRA. Lopez complained of age and race discrimination to the City's EEO officer and alleges he was fired for doing so. The CHRA plainly proscribes retaliation for having opposed conduct made unlawful by the CHRA, irrespective of the merits of the underlying discrimination claim. *See* TEX. LAB.CODE § 21.055; *Cox & Smith Inc. v. Cook,* 974 S.W.2d 217, 224 (Tex.App.-San Antonio 1998, pet. denied) ("The employee

is not required to show ... [the] actual existence of an unlawful practice, only that she held a good faith reasonable belief that the employer engaged in activity made unlawful by Title VII or the TCHRA."); *accord Tex. Dep't of Assistive & Rehabilitative Servs. v. Abraham,* No. 03–05–00003–CV, 2006 WL 191940, at *7 (Tex. App.-Austin Jan.27, 2006, no pet.) (mem. op.) (not designated for publication) (same).

■ The CHRA's catch-all retaliation language covers a wide array of situations in which discrimination may have been alleged by the employee or someone else. An internal grievance alleging conduct that is actually prohibited by the CHRA reasonably equates to opposition to discriminatory conduct "under" the CHRA, regardless of whether a formal CHRA complaint has been filed.[2] The touchstone is not availment, but availability of the CHRA remedies. Furthermore, Lopez's interpretation of the "under this chapter" language would create a significant enforcement gap in the statute that is contrary to the purpose of the statute. If an aggrieved employee must expressly invoke the CHRA or its procedures as a predicate to pursuing a retaliation claim, an employer could avoid liability for retaliation by swiftly firing the employee. Such an absurd result cannot be intended by the Legislature.

■ Furthermore, remedial action pursuant to an internal report of discrimination may reduce liability or damages exposure under the Act,[3] and it would be

---

1. *See* TEX. LAB.CODE § 21.0015.

2. In addition to a direct complaint to the Commission, a matter may also be referred by the federal EEOC or by a local commission to the Commission. 42 U.S.C. § 2000e–5(d); TEX. LAB.CODE § 21.156.

3. For example, federal and Texas courts have recognized an affirmative defense available to employers facing hostile work environment claims when the employer (1) exercised reasonable care to prevent and correct promptly the harassing behavior and (2) the employee unreasonably failed to take advantage of any preventive or corrective opportunities provid-

incongruous to allow an employer to eliminate or reduce damages by providing an internal grievance system while simultaneously depriving an employee of statutory protection for utilizing that system. The reasonable reading of the CHRA's "under this chapter" language is that actionable retaliation exists when an employer makes an adverse employment decision against an employee who voices opposition to conduct made unlawful under the CHRA, regardless of whether the employee has already filed a formal complaint with the Commission.[4]

## B. The CHRA's Exclusivity

Although Lopez could have asserted his retaliation claim under the CHRA, he contends that the CHRA is not an impediment to his Whistleblower Act claim unless he specifically invoked the CHRA as part of the internal grievance process or filed a formal complaint with the Commission. Lopez posits that he can elect to proceed under the CHRA or the Whistleblower Act, which generally prohibits governmental entities from suspending or terminating the employment of "a public employee who in good faith reports a violation of law by the employing governmental entity ... to an appropriate law enforcement authority." TEX. GOV'T CODE § 554.002(a). In support of his position, Lopez points to Section 21.211 of the CHRA, titled "Election of Remedies," which provides:

> A person who has initiated an action in a court of competent jurisdiction or who has an action pending before an administrative agency under other law or an order or ordinance of a political subdivision of this state based on an act that would be an unlawful employment practice under this chapter may not file a complaint under this subchapter for the same grievance.

TEX. LAB.CODE § 21.211. Lopez also notes that the CHRA authorizes "[a] political subdivision [to] adopt and enforce an order or ordinance that prohibits a practice that is unlawful under this chapter." *Id.* § 21.151. According to Lopez, the language in these provisions indicates that the Legislature did not intend for the

---

ed by the employer or to avoid harm otherwise. *See, e.g., Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 765, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998); *Faragher v. City of Boca Raton,* 524 U.S. 775, 807, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); *Padilla v. Flying J, Inc.,* 119 S.W.3d 911, 915 (Tex.App.-Dallas 2003, no pet.).

4. This issue is raised in a different context in a Title VII case recently granted review by the United States Supreme Court. *Crawford v. Metro. Gov't of Nashville,* 211 Fed.Appx. 373 (6th Cir.2006) (unpublished), *cert. granted,* —— U.S. ——, 128 S.Ct. 1118, 169 L.Ed.2d 846 (2008). At issue is whether an employee who cooperates with an employer's internal investigation of another employee's sexual harassment allegation is protected by Title VII's anti-retaliation provision, even though no agency charge was pending at the time of the investigation. The Title VII provision, Section 704(a), makes it "an unlawful employ-

ment practice for an employer to discriminate against any of [its] employees ... [1] because [the employee] has opposed any practice made an unlawful employment practice by this title, or [2] because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title." 42 U.S.C. § 2000e-3(a). The first numbered clause above is the "opposition clause," and the second is the "participation clause." Many federal courts of appeals agree that expressing opposition to an employer about suspected discrimination, as Lopez did in this case, is sufficient to trigger protection under Title VII's anti-retaliation provision. *See, e.g., Pastran v. K-Mart Corp.,* 210 F.3d 1201, 1205 (10th Cir.2000); *Kotcher v. Rosa & Sullivan Appliance Ctr., Inc.,* 957 F.2d 59, 65 (2d Cir. 1992); *Rollins v. Fla. Dep't of Law Enforcement,* 868 F.2d 397, 400 (11th Cir.1989); *Armstrong v. Index Journal Co.,* 647 F.2d 441, 448 (4th Cir.1981).

CHRA to supplant all other remedies for conduct that could constitute an unlawful employment practice under the CHRA. He argues that the election of remedies and political subdivision provisions would be meaningless if we were to hold that the Legislature intended the CHRA to be the exclusive remedy for all discrimination and retaliation claims. *See Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 8–9 (Tex. 2000) (courts are to avoid interpreting a statute in such a way that renders provisions meaningless).

The City counters that the CHRA is the exclusive statutory remedy under Texas law for all claims that involve employment discrimination and retaliation, including claims made by public employees. The City notes that the Legislature passed the CHRA for the purpose of securing "freedom from discrimination in certain employment transactions," TEX. LAB.CODE § 21.001(4), and created a comprehensive administrative scheme to that end.

▆ Whether a regulatory scheme is an exclusive remedy depends on whether "the Legislature intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed." *In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 624–25 (Tex.2007); *see also Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002). Several courts of appeals have considered the exclusive nature of the CHRA, with varying results. *Compare Vela v. Waco ISD*, 69 S.W.3d 695, 700 (Tex. App.-Waco 2002, pet. withdrawn) (suggesting the CHRA was the exclusive remedy for employment discrimination claims), *Vincent v. W. Tex. State Univ.*, 895 S.W.2d 469, 473 (Tex.App.-Amarillo 1995, no pet.) (holding Tort Claims Act claim barred when conduct was also actionable under the CHRA), *and Stinnett v. Williamson County Sheriff's Dep't*, 858 S.W.2d 573,

576–77 (Tex.App.-Austin 1993, writ denied) (holding that the plaintiff's retaliation claim could proceed only under the CHRA and not under the Whistleblower Act), *with Lee v. Palo Pinto County*, 966 S.W.2d 83, 86 (Tex.App.-Eastland 1998, pet. denied) (distinguishing *Stinnett's* holding on the ground that the claimant in that case had complained of no wrongdoing other than violations of the CHRA). The issue here is not exclusivity in the strictest sense of the word, but whether the Legislature intended to allow a claimant to elect between two remedial schemes addressing essentially the same conduct but providing different procedures and remedies.

▆ The Code Construction Act provides guidance on the extent to which the provisions of two state statutes can concurrently operate when they overlap:

(a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

(b) If [a] conflict between [a] general provision and [a] special . . . provision is irreconcilable, the special . . . provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

TEX. GOV'T CODE § 311.026. In determining legislative intent, we are thus guided by the principle that a specific statute will ordinarily prevail over a general statute when the two cannot be reconciled. In doing so here, we conclude that the tension between the specific provisions of the CHRA and the general remedy provided by the Whistleblower Act is unmitigable.

The CHRA was enacted to address the specific evil of discrimination and retaliation in the workplace. TEX. LAB. CODE § 21.001(4). By enacting the

CHRA, the Legislature created a comprehensive remedial scheme that grants extensive protections to employees in Texas, implements a comprehensive administrative regime, and affords carefully constructed remedies. These protections and related restrictions are expressly extended to public employees. Like the Whistleblower Act, the CHRA prohibits retaliation against employees, but the universe of conduct on which the retaliation must be premised is confined to employment discrimination, and the entire CHRA is devoted to this subject.

In contrast, the Whistleblower Act provides a general remedy for retaliation based on the report of any violation of law. *See generally* Tex. Gov't Code § 554.002. The Whistleblower Act is a broad remedial measure intended to encourage disclosure of governmental malfeasance and corruption. *Stinnett,* 858 S.W.2d at 575. Public employees may proceed under the Whistleblower Act for retaliation claims, but the Act is not specific to retaliation arising from employment discrimination complaints. Moreover, the Whistleblower Act has a comparatively simple administrative exhaustion procedure requiring the employee to bring a grievance under the procedures that are provided by the public employer. *See* Tex. Gov't Code § 554.006.

The Whistleblower Act and the CHRA have different procedural requirements and provide incompatible remedies. In the CHRA, for example, the Legislature created unique and comprehensive provisions for external administrative review, alternative dispute resolution, and exhaustion of administrative remedies. *See* Tex. Lab.Code §§ 21.201–.211. Most significantly, the Texas Workforce Commission civil rights division, a stand-alone commission specifically dedicated to curbing unlawful workplace bias, investigates the complaint and determines whether there is reasonable cause to believe the employer violated Texas anti-discrimination law, and if so, attempts to resolve the matter "by informal methods of conference, conciliation, and persuasion." *Id.* §§ 21.0015, .003, .207(a). These extensive investigation and resolution procedures are designed to favor conciliation over litigation, and noncompliance deprives courts of subject-matter jurisdiction. *Schroeder v. Tex. Iron Works, Inc.,* 813 S.W.2d 483, 485–88 (Tex. 1991). The two statutes also have distinct approaches to limitations, burdens of proof, damages, caps on damages, and other available remedies. *Compare* Tex. Lab. Code §§ 21.256–.261 *with* Tex. Gov't Code §§ 554.003–.008.

Because the statutes provide irreconcilable and inconsistent regimes for remedying employer retaliation, and the CHRA is focused precisely on combating the discrimination-rooted retaliation of which Lopez complains, the more specific and comprehensive anti-retaliation remedy in the CHRA forecloses relief under the more general Whistleblower Act. If a public employee had the option to pursue a retaliation claim under either the Whistleblower Act or the CHRA, pursuit of the former would render the limitations in the CHRA utterly meaningless as applied to public employees. Such breadth must not be permitted to defeat the CHRA's comprehensive statutory scheme. We do not believe the Legislature intended such a result, given the CHRA's detailed provisions and the efforts undertaken by its drafters to address various forms of discrimination and to make that statute conform with parallel federal employment discrimination laws.

As we explained in *Schroeder,*
Construing the CHRA to require exhaustion is consistent with its purpose to provide for the execution of the policies

embodied in Title VII, 42 U.S.C. § 2000e et seq. Those policies include administrative procedures involving informal conference, conciliation and persuasion, as well as judicial review of administrative action. Another important policy of Title VII is exhaustion of administrative remedies prior to litigation.

813 S.W.2d at 487. These policies would be routinely thwarted if plaintiffs like Lopez, suing for retaliation, could simply frame their disputes as whistleblower claims and sidestep the investigatory and conciliation scheme set forth in the CHRA. If allowed to bring their claims under the Whistleblower Act, public employees would have little incentive to submit to the administrative process the Legislature considered necessary to help remedy discrimination in the workplace. Such a result would frustrate clear legislative intent. Although the Whistleblower Act is the later enactment, there is no indication that the Legislature intended to allow the Act's general procedures and remedies to supplant the particularized procedures and remedies provided in the CHRA. Therefore, the Whistleblower Act must yield to the CHRA for retaliation claims arising from allegations of employment discrimination made unlawful under the CHRA.

Contrary to Lopez's assertion, neither the election of remedies provision in Section 21.211 nor the local laws provision in Section 21.151 belies the exclusivity of the CHRA as the sole state statutory remedy for retaliatory discharge claims premised on complaints of the type of discrimination made unlawful under the CHRA. Nor do these provisions, read contextually, mean that a plaintiff like Lopez has the unfettered ability to pick and choose among multiple Texas statutes. Neither section hints that alternative state statutory remedies are available.

Section 21.151 is specifically limited to local laws, and Section 21.211 limits the ability to pursue multiple grievances in multiple forums over the same alleged conduct. In the realm of employment discrimination litigation—where federal, state, and local governments individually declare their opposition to unlawful discrimination—Section 21.211 merely means a plaintiff cannot file an administrative complaint with the CHRA after having already (1) filed a lawsuit under a federal or local anti-discrimination measure covering the same conduct or (2) begun administrative proceedings with the EEOC or local enforcement entities based on the same conduct. This provision does not manifest a legislative intent that retaliation suits premised on discriminatory conduct by a public employer—and thus undeniably covered by the CHRA—can be maintained under the Whistleblower Act instead. Such an interpretation would undermine the CHRA's express purposes. The election of remedies language simply means that a claimant can pursue a remedy for discrimination under federal law or under grievance-redress systems in existence at the local level, but pursuing either of these options precludes later initiating a CHRA complaint.

■ We do not hold that claims covered by the CHRA can only be brought under the CHRA or that the CHRA is the exclusive word on work-related discrimination and retaliation in Texas; federal and local governments are free to enact their own laws to address workplace discrimination and retaliation, and claimants are free to seek relief under parallel federal or local laws. But the CHRA provides the exclusive state statutory remedy for public employees alleging retaliation arising from activities protected under the CHRA. It is conceptually untenable that the Legislature would have erected two alternative

state statutory remedies, one that enacts a structured scheme favoring investigation and conciliation and carefully constructs rights, remedies, and procedures under that scheme (the CHRA) and one that would significantly undermine that scheme (the Whistleblower Act).

 In addition, we hold that a public employee pursuing a state statutory remedy for retaliation arising from the employee's opposition to conduct made unlawful under the CHRA may only recover if he satisfies the requirements of the CHRA. Our holding is limited to retaliatory discharge claims premised on the type of harm the CHRA was enacted to redress. We express no opinion about whether a Whistleblower Act claim may be available to vindicate retaliation based on other laws that define discrimination to include conduct that is not prohibited under the CHRA.

In this case, Lopez's claim—that his employment was terminated in retaliation for alleging that his earlier transfer resulted from age and race discrimination—falls squarely under the CHRA, which provides his exclusive state statutory remedy. Lopez, however, has not pled a cause of action under the CHRA; he acknowledges that he has not invoked the procedures of the CHRA to remedy the alleged acts of retaliation and discrimination, and the time limits for filing a charge or complaint pursuant to the procedures specified in the CHRA have long since passed. *See* TEX. LAB.CODE §§ 21.202 (a complaint under the CHRA must be filed with the Commission no later than the 180th day after the date the alleged unlawful employment practice occurred; an untimely complaint shall be dismissed), .254 (a civil action must be filed within sixty days after receiving a "notice of the right to file a civil action" from the Commission), .256 ("A civil action may not be brought under this subchapter later than the second anniversary of the date the complaint relating to the action is filed."). Lopez has therefore failed to allege a claim for which the City's governmental immunity has been waived, and amendment at this juncture would be futile. Our disposition of the exclusivity issue makes it unnecessary to consider whether Lopez has otherwise alleged an actionable claim under the Whistleblower Act.

### III. Conclusion

The CHRA affords public employees like Lopez a specific and tailored anti-retaliation remedy, and he was obliged to use it. Because he failed to do so, and the pleadings and evidence establish that he can no longer pursue a CHRA claim, the trial court should have granted the City's plea to the jurisdiction and dismissed the case for lack of jurisdiction. We therefore reverse the court of appeals' judgment and dismiss the case.