ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 23, 2012

The Honorable John E. Davis
Chair, Committee on Economic
   and Small Business Development
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0908

Re: Whether the members of the board of trustees of the Clear Lake City Community Association may hold a meeting by means of a telephone conference call (RQ-0989-GA)

Dear Representative Davis:

You ask whether members of the board of trustees of the Clear Lake City Community Association (the "Association") may hold a meeting by means of a telephone conference call.[1]

As you indicate, since 2007, a property owners' association in a county with a population of 2.8 million or more, like the Association at issue here, has been, under particular circumstances, subject to the Open Meetings Act (the "Act") "in the same manner as the governing body of a governmental body." TEX. GOV'T CODE ANN. § 551.0015(b) (West Supp. 2011). The Act authorizes a governmental body to conduct a meeting by telephone conference call only under specified, limited conditions. Most governmental bodies may hold a meeting by telephone conference call only if "(1) an emergency or public necessity exists within the meaning of Section 551.045 of this chapter; and (2) the convening at one location of a quorum of the governmental body is difficult or impossible; or (3) the meeting is held by an advisory board." *Id.* § 551.125(a) (West 2004). You do not suggest that any of these circumstances are relevant to your question.

You first ask whether the attendance by one member of the Association's board by means of a telephone conference call would implicate the Act. In a prior opinion that relied on previous attorney general opinions, this office declared that "if a quorum of a commissioners court appears at the meeting location, section 551.125 does not authorize other members to participate from other locations by telephone conference call." Tex. Att'y Gen. Op. No. JC-0352 (2001) at 4. *See also* Tex. Att'y Gen. Op. Nos. JC-0194 (2000) at 2 (concluding that Act does not permit a governmental body to allow a board member to participate in a regular meeting by telephone); DM-207 (1993)

---

[1]Letter from Honorable John E. Davis, Chair, House Committee on Economic and Small Business Development, to Honorable Greg Abbott, Attorney General of Texas (July 22, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

at 3 (noting that the Act assumes that "members will be physically present at the location designated in the notice"); JM-584 (1986) at 7 (concluding that a meeting conducted by teleconference call among geographically dispersed board members is not "open to the public" as required by the Act). We conclude that the Association would violate section 551.125 of the Act by permitting one member of its board to participate in a meeting by telephone conference call.

Certain statutes outside the Act authorize specific entities subject to the Act to hold their meetings by telephone conference call or similar telecommunications device. For example, section 322.003 of the Government Code declares that "[a]s an exception to Chapter 551 and other law, if a meeting is located in Austin and the joint chairs of the [Legislative Budget Board] are physically present at a meeting, then any number of the other members of the board may attend the meeting by use of telephone conference call, video conference call, or other similar telecommunication device." TEX. GOV'T CODE ANN. § 322.003(d) (West Supp. 2011). Other statutes specifically permit various governmental bodies to hold their meetings by telephone conference call if certain conditions are met. *See, e.g.*, TEX. AGRIC. CODE ANN. § 62.0021(a) (West 2004) (State Seed and Plant Board); TEX. FIN. CODE ANN. § 11.106(c) (West 1998) (Finance Commission); TEX. GOV'T CODE ANN. § 501.139(b) (West 2004) (Correctional Managed Health Care Committee). Thus, the Legislature knows how to authorize a telephone conference call under particular circumstances. You point to no statute, and we are aware of none, authorizing an entity such as the Association to hold its board meetings by telephone conference call.

You ask, however, whether two provisions of the Business Organizations Code (the "Code") furnish authority for the Association's board members to hold their meetings via telephone conference call. Request Letter at 2. You note that the Association is a nonprofit corporation "originally formed under the Texas Corporation Act, now re-codified as the Texas Business Organizations Code." *Id.* The statutes provide, in relevant part:

> (a) Subject to this code and the governing documents of a domestic entity, the owners, members, or governing persons of the entity, or a committee of the owners, members, or governing persons, may hold meetings by using a conference telephone or similar communications equipment, or another suitable electronic communications system, including videoconferencing technology or the Internet, or any combination, if the telephone or other equipment or system permits each person participating in the meeting to communicate with all other persons participating in the meeting.

TEX. BUS. ORGS. CODE ANN. § 6.002(a) (West 2010).

> Subject to the provisions of this code and the certificate of formation and bylaws of a corporation, a meeting of the members of a corporation, the board of directors of a corporation, or any committee designated by the board of directors of a corporation may

be held by means of a remote electronic communications system, including videoconferencing technology or the Internet, only if:

>    (1)   each person entitled to participate in the meeting consents to the meeting being held by means of that system; and

>    (2)   the system provides access to the meeting in a manner or using a method by which each person participating in the meeting can communicate concurrently with each other participant.

*Id.* § 22.002.

Section 6.002 of the Code is applicable generally to any "domestic entity" subject to this Code. *See* TEX. BUS. ORGS. CODE ANN. § 6.002 (West 2010). Likewise, section 22.002 of the Code applies to any meeting of the members or board of directors of a "corporation," defined as "a domestic nonprofit corporation subject to this chapter." *Id.* §§ 22.001 (defining "corporation"); 22.002 (allowing meetings by remote communications technology). These provisions of the Code are globally applicable to an entity like the Association, irrespective of the applicability of the Act.

On the other hand, section 551.0015 of the Act specifically declares a "property owners' association," like the one that is the subject of your request, to be subject to the Act "in the same manner as . . . a governmental body." *See* TEX. GOV'T CODE ANN. § 551.0015 (West Supp. 2011). Moreover, section 551.125 imposes strict limitations upon any telephone conference call conducted by a governmental body. As a result, the general provisions of the Code that allow the Association, as a domestic entity or corporation, to hold a meeting by telephone conference call conflict with the specific provisions of chapter 551 that restrict the authority of the Association, as a governmental body, to hold a meeting by telephone conference call. The Code Construction Act provides that, in the event of conflict between a general and a special provision, the special provision prevails, "unless the general provision is the later enactment and the manifest intent is that the general provision prevail." *Id.* § 311.026(b) (West 2005). *City of Waco v. Lopez*, 259 S.W.3d 147, 153 (Tex. 2008) ("In determining legislative intent, we are . . . guided by the principle that a specific statute will ordinarily prevail over a general statute when the two cannot be reconciled."). Because, in this instance, sections 551.0015 and 551.125 of the Act are more specific provisions than either section 6.002 or section 22.002 of the Code, sections 551.0015 and 551.125 prevail. It follows that members of the board of trustees of the Association may not hold a meeting by means of a telephone conference call, except in the limited circumstances described in section 551.125 of the Government Code.

## S U M M A R Y

The members of the board of trustees of the Clear Lake City Community Association, a "property owners' association" as defined in the Open Meetings Act, chapter 551 of the Government Code, may not hold a meeting by means of a telephone conference call, even if only one member so participates, except in the limited circumstances described in section 551.125, Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee