In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-14-00443-CV

JEFFERSON COUNTY, TEXAS, Appellant

V.

APRIL SWAIN, Appellee

**On Appeal from the 136th District Court
Jefferson County, Texas
Trial Cause No. D-195,767**

## OPINION[1]

This is the second petition for permissive appeal filed by Jefferson County, Texas ("the County") seeking appellate review of an interlocutory order that is not otherwise appealable. On October 2, 2014, we issued a memorandum opinion denying the first petition for permissive appeal filed by the County relating to the

---

[1]"An opinion may not be designated as a memorandum opinion if the author of a concurrence or dissent opposes that designation." Tex. R. App. P. 47.4.

trial court's denial of the County's Rule 91a motion to dismiss.[2] *Jefferson Cnty. v. Swain*, No. 09-14-00347-CV, 2014 WL 4952280 (Tex. App.—Beaumont Oct. 2, 2014, no pet. h.) (mem. op.); *see* Tex. R. Civ. P. 91a. On October 7, 2014, the County obtained a second amended order from the trial court denying the County's same Rule 91a motion to dismiss. The County, as petitioner, has now filed a second petition for permissive appeal in this Court regarding the denial of the same Rule 91a motion to dismiss. *See* Tex. R. App. P. 28.3; Tex. R. Civ. P. 168; Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2014).

Having reviewed the petition, the response, the orders and letter ruling, as well as the record before us at this time, we conclude the County has not demonstrated that the order it seeks to appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion. We dismiss

---

[2]In the County's Rule 91a motion to dismiss and in its petition for permissive appeal, the County argues that Swain "makes no reference to any legal causes of action or violations of any law or regulation. The only cite is to the Labor Code, which includes a section that does not exist." In her Original Petition, Swain stated, "Defendant County, being sued for violation of the Tex. Lab. Code Ann. §554.0035[] is a municipality . . . ." In the factual section of her Original Petition, Swain alleged among other items that "Plaintiff was suspended[] and terminated because she reported to the Internal Affairs Division . . . that [her supervisor] was violating the policies and the law." Swain argues that the reference to the "Labor Code" was a typographical mistake and that she intended to cite to Chapter 554 of the "Government Code," the Whistleblower Statute. Swain claims it was "clear to the Court and Defendant County" that she "was asserting a cause of action under the Whistleblower Act."

the matter for want of jurisdiction. *See* Tex. R. App. P. 28.3(e)(4); Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d), (f); *Swain*, 2014 WL 4952280, at *1; *see also generally GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. filed).

PETITION FOR PERMISSIVE APPEAL DISMISSED.

_____
LEANNE JOHNSON
Justice

Submitted on December 10, 2014
Opinion Delivered December 11, 2014

Before Kreger, Horton, and Johnson, JJ.

3

CONCURRING OPINION

In my opinion, Jefferson County's request to appeal presents a question that involves a controlling question of law on which there is a substantial difference of opinion, so its request to appeal meets the standard that entitles it to gain interlocutory review. However, while I do not agree with the majority's explanation about why we should dismiss the County's request for permission to appeal, I agree that the request should be dismissed, as the County has not shown that the trial court had subject-matter jurisdiction to render the order that it seeks to have us review.

The procedural history in the trial court is relevant to a proper disposition of the County's request. Because that history is not sufficiently explained in the opinion authored by the majority, I include it here.

Swain's Original Petition, the pleading on which the trial court based its decision to deny the County's motion to dismiss, alleges that the County violated "[section] 554.0035" of the Texas Labor Code. While the Labor Code has sections prohibiting many types of discriminatory actions against employees, the section Swain cited does not exist. *See* Tex. Lab. Code Ann. §§ 21.001-.556 (West 2006 & Supp. 2014) (referred to as the Texas Commission on Human Rights Act (CHRA);

4

section 21.055 of the Act makes it unlawful for an employer to retaliate against an employee for opposing a discriminatory practice).

After answering, the County filed a Rule 91a motion to dismiss Swain's lawsuit, asserting that Swain alleged no claims that had a basis in law. *See* Tex. R. Civ. P. 91a.1 (authorizing the dismissal of baseless causes of action that have "no basis in law or fact"). According to the County's motion to dismiss, Swain's petition "is silent on the causes of action against [the County.]" In support of its argument that Swain's petition had no legal basis, the County pointed out that Swain's Original Petition wholly relied on a statute "that does not exist." Prior to the hearing on the County's Rule 91a motion to dismiss, Swain did not amend her petition.

The majority notes that we dismissed the County's prior attempt to review the trial court's decision on the County's Rule 91a motion. *See Jefferson Cnty. v. Swain*, No. 09-14-00347-CV, 2014 WL 4952280 (Tex. App.—Beaumont Oct. 2, 2014, no pet. h.) (mem. op.). And, the majority notes that the order which is the subject of the County's present request to appeal concerns a different order than the one we ruled on previously. But, the majority fails to note that the trial court stated a basis for its ruling in the order now at issue, a basis different from the explanation the trial court provided the parties in a letter intended to explain the

5

reasons that led it to render the prior order. Unlike the trial court's prior order, the order now at issue concludes that Swain's Original Petition has no basis in law, as the trial court's order states that "the petition alleges as the sole ground of recovery a statutory cause of action which does not exist and therefore has no basis in law such that it cannot entitle plaintiff to any relief[.]" The majority appears to view the two orders as having no material difference, despite the trial court's effort to clarify the basis of its ruling so the County could gain our review in its attempt to pursue an interlocutory appeal.

However, even though the trial court found that Swain's claims, as alleged in her petition, had no basis in law, the trial court did not dismiss Swain's lawsuit. Instead, the trial court denied the motion, and took the position that the deficiencies in Swain's pleading could be addressed through special exceptions, a procedure governed by Rule 91 of the Texas Rules of Civil Procedure. In relying on Rule 91 to deny the County's motion, the trial court recognized that its construction of Rule 91a—allowing Swain to file amended pleadings to cure a pleading that failed to state a legal basis—is a ruling that is at odds with some of the language in Rule 91a.6, which requires trial courts to decide Rule 91a motions based solely on the pleadings before it at the hearing. *See* Tex. R. Civ. P. 91a.6. Given the trial court's determination that the pleading before it stated no legal claim and considering the

6

provisions governing the disposition of Rule 91a motions, the trial court recognized that the question of whether it had the authority to permit further amendment presented a pure question of law over which there could be substantial difference of opinion. Obviously, our court has a substantial difference of opinion about whether the trial court could allow Swain to amend pleadings after the trial court conducted the hearing, given the trial court's recognition that Swain's pleadings failed to state a legal basis for her claims.

My difference of opinion with the majority on the question of the trial court's authority to allow a party to amend pleadings that state no legal basis for a claim is grounded on Rules 91a.5 and 91a.6 of the Texas Rules of Civil Procedure, rules that severely limit what a trial court may consider in deciding a Rule 91a motion. Rule 91a.5 provides: "In ruling on the [Rule 91a] motion, the court must not consider a nonsuit or amendment not filed as permitted by paragraphs (a) or (b)."[3] Tex. R. Civ. P. 91a.5(c). Rule 91a.6 also prohibits a trial court from speculating about whether the pleadings before it are capable of being amended to properly allege a claim. Under Rule 91a.6, "the court may not consider evidence in

_____

[3]Paragraph (a) of Rule 91a.5 concerns a party's nonsuit of a claim in the face of a hearing on a motion to dismiss, a provision that is not at issue here. Tex. R. Civ. P. 91a.5(a). Paragraph (b) of Rule 91a.5 concerns amendments to pleadings filed at least three days before the date of the hearing, and it is also not at issue here. Tex. R. Civ. P. 91a.5(b).

ruling on the motion and must decide the motion based solely on the pleading of the cause of action[.]"[4] Tex. R. Civ. P. 91a.6. In Swain's case, Swain's Original Petition was her live pleading for the purpose of the hearing the trial court conducted on the County's motion to dismiss. The trial court has recognized that Swain's Original Petition has not alleged a claim that has a legal basis, as she alleged a statutory basis for her claim that does not exist. Given the restrictions on a trial court's authority to consider amended pleadings, applicable in Rule 91a proceedings, the trial court's decision to allow pleadings that fail to state a legal basis to be amended is a matter that presents a legal question that we would be required to review in a permissive appeal, assuming that the trial court had jurisdiction over the subject of the dispute when it ruled.

Therefore, if the trial court had subject-matter jurisdiction over Swain's case when it denied the County's motion, I would be filing a dissent from the majority's decision to deny the County's request to appeal. But, based on the information

---

[4]Rule 91a.6 reads that "Except as required by 91a.7, the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." Tex. R. Civ. P. 91a.6. The exceptions mentioned, Rule 91a.7 and Rule 59, were not shown to be relevant in either the County's motion to dismiss or Swain's response to the County's motion, nor did the trial court rely on these exceptions in its Second Amended Order.

8

presently before us, it does not appear the trial court possessed subject-matter jurisdiction over Swain's case when it ruled.

I must base my jurisdictional analysis on the limited information before us because the majority has refused to exercise the authority it has under the Government Code to determine whether subject-matter jurisdiction exists over the County's request to appeal.[5] When a trial court acts without subject-matter jurisdiction, its lack of jurisdiction affects whether the decisions that we make on that case are valid. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012) ("We have said on numerous occasions that sovereign immunity deprives courts of subject-matter jurisdiction."); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993) (explaining that "[w]hen an appellate court questions jurisdiction on appeal for the first time . . . [and] reviews the standing of a party sua sponte, it must construe the petition in favor of the party, and if necessary, review the entire record to determine if any evidence supports standing"); *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (explaining that a judgment

---

[5]Section 22.220 of the Texas Government Code allows the courts of appeal to determine, by affidavit or otherwise, "the matters of fact that are necessary to the proper exercise of its jurisdiction." Tex. Gov't Code Ann. § 22.220(c) (West Supp. 2014). The majority has not authorized our use of this provision in this case, and issued a ruling without first establishing that we do have jurisdiction over the dispute.

is void when, among other things, it is apparent that court rendering judgment "had . . . no jurisdiction of the subject matter"); *see also Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008) (holding that the trial court orders were subject to a collateral attack and were unenforceable due to the trial court's lack of subject-matter jurisdiction over the dispute).

Jefferson County's Rule 91a motion neither questioned whether the trial court could exercise jurisdiction over Swain's suit, nor has the County questioned our jurisdiction to act on the County's request for permission to appeal.[6] However, it is well settled that "sovereign immunity deprives courts of subject-matter jurisdiction." *Black*, 392 S.W.3d at 95; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). Governmental immunity, like sovereign immunity, affords protection against suits to subdivisions of the state such as counties, unless that immunity has been waived. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Therefore, before we may properly decide the County's appeal, we must establish whether the trial court and our court possess subject-

---

[6]However, the County's answer asserts that "Jefferson County, Texas, is entitled to sovereign immunity as is provided under the law and said immunity has not been waived by Defendant." Thus, the information in the record shows that a question regarding the trial court's jurisdiction of the subject matter of the dispute has been raised, even if not yet ruled on.

10

matter jurisdiction over Swain's case. *See Black*, 392 S.W.3d at 95 (holding that in an interlocutory appeal under Chapter 51 of the Texas Civil Practice and Remedies Code, an appellate court must still consider whether it has jurisdiction over the appeal even if a claim of sovereign immunity is not raised in the trial court but noticed for the first time on appeal, and disapproving of cases holding to the contrary).

With respect to permissive appeals, the legislative grant of jurisdiction is found in Chapter 51 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a), (d) (West Supp. 2014). Even though no party has questioned whether subject-matter jurisdiction is present, a court's lack of subject-matter jurisdiction is not waived and may be raised at any time, even if raised for the first time on appeal. *See Black*, 392 S.W.3d at 95. Because the majority declines the County's request to appeal, the record is not fully developed regarding the questions that I have raised with the majority concerning whether subject-matter jurisdiction exists in Swain's case. Thus, my opinion regarding whether subject-matter jurisdiction exists is constrained by the limited information in the record before us.

11

To assess whether the trial court had jurisdiction over the subject of Swain's complaint, we examine the entire record before us.[7] *Black*, 392 S.W.3d at 95 (noting that "the Texas Constitution does not afford courts jurisdiction to make advisory decisions or issue advisory opinions"); *Tex. Ass'n of Bus.*, 852 S.W.2d at 444. Based on the information that is before us, Swain's suit appears to stem from the County's decision to terminate her as a correctional officer. Swain's pleadings allege, in conclusory fashion, that her supervisor "was subjecting her to

_____

[7]The following information is before us: (1) Swain's Original Petition; (2) Jefferson County's Answer; (3) Jefferson County's Motion to Dismiss Per Texas Rule of Civil Procedure Rule 91a; (4) a Notice of Hearing, scheduling the 91a hearing for July 22, 2014; (5) an unsigned Order granting the County's Motion to Dismiss; (6) a letter from the trial court, dated July 23, 2014, explaining why the trial court intended to deny the Rule 91a motion, stating the trial court "believe[d] that there are, in fact, certain causes of action that could be supported by the allegations (taking the allegations as true as the Court is instructed to do)[;]" (7) Jefferson's County Request for Permission to Appeal; (8) an amended order, signed by the trial court on August 15, 2014, dismissing the County's Rule 91a motion and granting the County permission to pursue an interlocutory appeal; (9) a second amended order, signed by the trial court on October 7, 2014, stating the trial court found the controlling question of law to be "whether the legal analysis of TRCP 91a is any different than from TRCP 91? More specifically, if so, does it require the dismissal of a case where the petition alleges as the sole ground of recovery a statutory cause of action which does not exist and therefore has no basis in law such that it cannot entitle plaintiff to any relief? There is no case law by any Texas appellate court regarding TRCP 91a[;]" (10) Plaintiff's Interrogatories and Request for Production to Jefferson County (without answers); (11) Swain's First Amended Petition, filed August 22, 2014; (12) a letter dated June 27, 2014, from Jefferson County's district attorney to Swain's attorney regarding the County's special exceptions; and, (13) a draft of Jefferson County's proposed special exceptions.

12

discriminatory and retaliatory conduct[,]" but her petition fails to allege facts about what she reported or what was done to her. Instead, she pleads in a conclusory fashion that what happened to her was discriminatory and retaliatory.

Swain's pleadings allege that she reported complaints to a deputy, who on receiving her complaints, and with the assistance of a supervisor, fabricated charges against her "to discredit her." At some later date, a date that cannot be determined from Swain's pleadings, she was terminated. Thus, the complaints that Swain is making relate to how she was treated at work once she voiced complaints that she had about her direct supervisor with a deputy. Nevertheless, Swain's pleadings do not contain affirmative allegations of fact informing a court about what Swain claims she reported to the deputy or alerting the tribunal about what Swain's direct supervisor did to retaliate against her based on her report, so we are unable to determine factually what facts form the basis of her alleged unlawful discrimination and retaliation claims.

Additionally, Swain has not pled that the County waived its immunity from being sued, that she exhausted any administrative remedies that she was required to exhaust before filing suit, or that her claims are not subject to any exhaustion requirements. From a factual standpoint, knowing what is alleged to form the basis of Swain's claims is critical to determining whether Swain has a claim under the

13

Texas Commission on Human Rights Act, as it provides the exclusive state statutory remedy for most retaliatory discharge cases involving county employees. *See* Tex. Lab. Code Ann. §§ 21.001-.556, § 21.055 (West 2006) (explaining that the statute makes it unlawful for an employer to retaliate "against a person who . . . (1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing"); *see also City of Waco v. Lopez*, 259 S.W.3d 147, 155 (Tex. 2008) (noting that the policies of the CHRA could be sidestepped if plaintiffs were allowed to "simply frame their disputes as whistleblower claims and sidestep the investigatory and conciliation scheme set forth in the CHRA"). By making vague and conclusory allegations, it appears that Swain is attempting to sidestep the exhaustion requirements of the CHRA, a failure that prevents the trial court from having jurisdiction over her claims. Generally, when an agency of the state has exclusive jurisdiction over the matter in dispute, a claimant must exhaust all of her administrative remedies before filing a claim in the trial court. *In re Entergy Corp.*, 142 S.W.3d 316, 321-22 (Tex. 2004) ("Until the party has exhausted all administrative remedies, the trial court lacks subject matter jurisdiction and must dismiss any claim within the agency's exclusive jurisdiction."). The exhaustion-of-remedies requirement ensures that the appropriate administrative agency has an

opportunity to resolve disputed fact issues that are within an agency's exclusive jurisdiction before a court is required to address them. *Essenburg v. Dallas Cnty.*, 988 S.W.2d 188, 189 (Tex. 1998).

If Swain's complaints about Jefferson County fall under the CHRA, and the claims she advanced in her petition appear to me to fall under that Act, she was required to plead and to show that she exhausted her administrative remedies before a court has subject-matter jurisdiction of her case. *See Lopez*, 259 S.W.3d at 155 (holding that the CHRA "provides the exclusive state statutory remedy for public employees alleging retaliation arising from activities protected under the CHRA"). Because Swain failed to plead that she had exhausted her remedies under the Act, the trial court did not have jurisdiction over the claims alleged in Swain's pleadings before the trial court at the hearing on the County's motion to dismiss. *Id*. at 154, 156.

In conclusion, in the absence of information showing otherwise, Swain's pleadings and the information before me indicate that Swain failed to "affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003) (citations omitted). Therefore, because it appears to me that the courts lack subject-matter jurisdiction over Swain's claims, as those claims are alleged in

15

Swain's Original Petition, I concur in this Court's decision to dismiss the County's request for permission to appeal.

_____
HOLLIS HORTON
Justice

Concurrence Delivered
December 11, 2014

16