

# NUMBER 13-22-00593-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

KEELY R. SMITH,                                                              Appellant.

v.

UNIVERSITY OF TEXAS
RIO GRANDE VALLEY,                                                  Appellee.

## ON APPEAL FROM THE 389TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña
Memorandum Opinion by Justice Tijerina**

Appellant Keely R. Smith appeals the trial court's judgment granting appellee the

University of Texas Rio Grande Valley's (UTRGV's) plea to the jurisdiction. By five issues,

Smith argues the trial court erred because: (1) the election of remedies doctrine in the

Texas Commission on Human Rights Act (TCHRA) does not bar her state court suit; (2)

she could not have brought her state claims in federal court; (3) she could not have brought her federal court claims in state court; (4) she voluntarily dismissed her federal court claim; and (5) it could not have granted an amended plea to the jurisdiction that did not exist. We affirm.

## I.  BACKGROUND

On July 20, 2021, Smith filed suit against UTRGV in the 389th District Court of Hidalgo County asserting unlawful employment discrimination. UTRGV filed a plea to the jurisdiction asserting that Smith's petition should be dismissed because it was barred by the TCHRA's election of remedies provision. *See* TEX. LAB. CODE ANN. § 21.211. UTRGV asserted Smith had a pending lawsuit in federal court for disability discrimination and retaliation based on the same operative facts and was thus precluded from pursuing suit in state court. UTRGV further asserted that Smith failed to exhaust her administrative remedies.

Smith responded, asserting she established a prima face case for discrimination and retaliation because she only needed to establish one single act of discrimination within the applicable period to invoke the trial court's jurisdiction. Smith further alleged that the Texas Labor Code did not foreclose her federal claims.

The trial court ordered the parties to submit additional briefs. On March 14, 2022, UTRGV submitted its brief asserting that multiple courts have held that the labor code precluded a plaintiff from filing lawsuits in both state and federal court premised on the same alleged discriminatory acts. In Smith's brief, Smith attempted to distinguish each of the cases relied on by UTRGV.

On June 3, 2022, Smith filed a supplemental response to UTRGV's plea to the jurisdiction. Smith explained that she voluntarily dismissed her federal lawsuit without prejudice on June 3, 2022; therefore, UTRGV's plea to the jurisdiction should be denied as she was not actively pursuing her federal causes of action. UTRGV responded that Smith cited no authority that a voluntary dismissal of her then-pending federal claim grants the trial court's jurisdiction over her labor code claims. Instead, UTRGV asserted that the election of remedies provision is triggered by the initiation of a lawsuit in a different forum and required dismissal of Smith's state claims.

The trial court granted UTRGV's plea to the jurisdiction on September 21, 2022. Smith filed a motion for new trial, which the trial court denied. This appeal followed.

## II.    PLEA TO THE JURISDICTION

Smith asserts that she may pursue claims under the TCHRA in state court while separately pursuing claims under the American with Disabilities Act and the Rehabilitation Act in federal court based on the same facts. She concedes that § 21.211 prohibits a former employee from suing an employer for a common-law tort and filing a TCHRA claim for the same conduct, but she maintains it does not require the employee to elect to bring a claim under a federal anti-discrimination statute or the TCHRA. UTRGV contends that § 21.211 precludes an employee from pursuing claims based on the same termination facts in both federal and state court. Because Smith previously brought a federal suit based on her termination, UTRGV argues her state court suit based on the same facts is barred.

## A.    Standard of Review

3

Governmental units, like UTRGV, enjoy sovereign immunity from lawsuits except where the legislature waives immunity. *Flores v. Tex. Dep't of Crim. Just.*, 634 S.W.3d 440, 450 (Tex. App.—El Paso 2021, no pet.) (citing *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011)). Sovereign immunity deprives a trial court of subject-matter jurisdiction. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012). There is a limited waiver of immunity for claims brought against governmental units under the TCHRA, extending to suits in which the pleadings state a prima facie claim for an actual violation of the Act. *See Tex. Dep't of Crim. Just. v. Flores*, 555 S.W.3d 656, 661 (Tex. App.—El Paso 2018, no pet.) (citing *Garcia*, 372 S.W.3d at 636). If the plaintiff fails to state a prima facie case, the governmental unit retains its immunity from suit. *Id.* (citing *Garcia*, 372 S.W.3d at 636).

A defendant may challenge subject-matter jurisdiction through a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004)). The plea can attack the pleaded facts as well as the existence of jurisdictional facts by attaching evidence to the plea. *Id.* We construe the pleadings liberally in favor of the plaintiff. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009) (citation omitted). When, as here, there is no question of fact as to the jurisdictional issue, the trial court rules on the plea as a matter of law. *Id.* We review a trial court's ruling on a plea to the jurisdiction de novo. *Miranda*, 133 S.W.3d at 226.

**B.    Applicable Law**

Section 21.211 states:

A person who has initiated an action in a court of competent jurisdiction or who has an action pending before an administrative agency under other law

4

> or an order or ordinance of a political subdivision of this state based on an act that would be an unlawful employment practice under this chapter may not file a complaint under this subchapter for the same grievance.

TEX. LAB. CODE ANN. § 21.211. This "provision must be read against the backdrop of extensive and overlapping state and federal anti-discrimination statutes." *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 809 (Tex. 2010); *see Hoffman-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004) (noting that "[t]he [T]CHRA is modeled after federal law with the purpose of executing the policies set forth in Title VII of the federal Civil Rights Act of 1964"). "Its obvious purpose, read in this context, is to provide that if a plaintiff files a federal cause of action under Title VII or *another federal anti-discrimination statute*, or brings a local grievance as expressly allowed under the TCHRA, she cannot bring a duplicative claim under the TCHRA." *Waffle House*, 313 S.W.3d at 809–10 (emphasis added). Thus, "a claimant can pursue a remedy for discrimination under federal law or under grievance-redress systems in existence at the local level, but pursuing either of these options precludes later initiating a [T]CHRA complaint." *Id.* at 810 (quoting *City of Waco v. Lopez*, 259 S.W.3d 147, 155 (Tex. 2008)). "Section 21.211 limits the ability to pursue multiple grievances in multiple forums over the same alleged conduct." *Waco*, 259 S.W.3d at 155.

## C.    Discussion

By first filing her discrimination and retaliation claims in federal court, Smith "initiated an action in a court of competent jurisdiction . . . based on an act that would be an unlawful employment practice under" the TCHRA. *See* TEX. LAB. CODE ANN. § 21.211. She therefore could not later bring a complaint under the TCHRA for the same grievance.

5

*See Waffle House*, 313 S.W.3d 809–10 (providing that a plaintiff "cannot bring a duplicative claim under the TCHRA" if the plaintiff has filed a claim under "another federal anti-discrimination statute" or sought "a local grievance as expressly allowed under the TCHRA"); *Waco*, 259 S.W.3d at 156 ("Lopez's claim—that his employment was terminated in retaliation for alleging that his earlier transfer resulted from age and race discrimination—falls squarely under the [T]CHRA, which provides his exclusive state statutory remedy."); *see also Wije v. Burns*, No. 01-19-00024-CV, 2020 WL 5269414, at *5 (Tex. App.—Houston [1st Dist.] Sept. 3, 2020, pet. denied) (mem. op.) ("Wije elected to pursue his discrimination and retaliation claims in federal court, and this election-of-remedies provision precludes him from pursuing these same claims in state court under the TCHRA."); *Wu v. Tex. A & M Int'l Univ.*, No. 04-11-00180-CV, 2011 WL 5406263, at *3 (Tex. App.—San Antonio Nov. 9, 2011, no pet.) (mem. op.) ("Because [plaintiff] elected to pursue administrative proceedings with the EEOC and file his discrimination suit in federal court, the election of remedies provision in the [T]CHRA precludes him from pursuing the same claim in state court under the [T]CHRA, and any amendment of his pleadings would be futile.").

Smith concedes that "a plaintiff cannot have two bites at the apple," *see Jackson v. Creditwatch, Inc.*, 84 S.W.3d 397, 402–403 (Tex. App.—Fort Worth 2002), *rev'd in part on other grounds*, 157 S.W.3d 814 (Tex. 2005), but asserts that because her federal claims were withdrawn, the trial court deprived her of *any* "bite at the apple." According to Smith, "there were no simultaneous lawsuits." However, § 21.211 expressly provides that "[a] person who has *initiated* an action in a court of competent jurisdiction . . . may

not file a complaint under this subchapter for the same grievance." *See* TEX. LAB. CODE ANN. § 21.211 (emphasis added); *see also Health & Human Servs. Comm'n v. Quintero*, No. 08-23-00060-CV, 2023 WL 6613331, at *4 (Tex. App.—El Paso Oct. 10, 2023, no pet.) (mem. op.) ("By first filing her discrimination and retaliation claims in federal court, Quintero *initiated* an action in a court of competent jurisdiction based on an act that would be an unlawful employment practice under the TCHRA") (internal citations omitted) (emphasis added); *Wije*, 2020 WL 5269414, at *5 (holding that the trial court did not err in dismissing the employer's plea to the jurisdiction where the plaintiff "first filed" his Title VII discrimination and retaliation claims in federal court, but the federal claims were dismissed one year prior). The election-of-remedies statute does not require that a claimant pursue its original claim to a final adjudication. *See* TEX. LAB. CODE ANN. § 21.211. Instead, the statute only requires that a claimant "initiate" an action administratively, federally, or locally, to bar a subsequent complaint under the labor code. *See id.* That is precisely what Smith did here: she initiated an action in a court of competent jurisdiction (the federal court), and therefore cannot file a subsequent lawsuit complaint under the same facts pursuant to § 21.211.[1] *See Waco*, 259 S.W.3d at 155 (noting that § 21.151 is specifically limited to local laws, and Section 21.211 limits the ability to pursue multiple grievances in multiple forums over the same alleged conduct."); *see also Stancu v. Cent. Apartment Mgmt., Inc.*, No. 394-CV-2440-D, 1997 WL 278127, at *2 (N.D. Tex. May 14, 1997) (mem. op.) ("[Section] 21.211 merely provides that if a

---

[1] We note that Smith elected to voluntarily dismiss her causes of action in federal court *without prejudice*, thereby allowing her the opportunity to refile the same.

7

person has already *initiated* a lawsuit or other proceeding permitted by law, order, or ordinance, he may not file a complaint with the Commission on Human Rights for the same practice. It is in this sense alone that he elects his remedy." (emphasis added)).

The statute only requires initiation, and we are bound by that language. *See Fort Bend Indep. Sch. Dist. v. Gayle*, 371 S.W.3d 391, 398 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) ("The meaning of 'initiate' is plain: it means to commence the process . . . begin, introduce, set going, originate"); *City of Fort Worth v. Shilling*, 266 S.W.3d 97, 106 (Tex. App.—Fort Worth 2008, pet. denied) ("Having *initiated* administrative proceedings with the City regarding conduct involving Craven, Shilling was unambiguously prohibited by labor code [§] 21.211 from contemporaneously pursuing her complaint with the TWC based on the same grievance." (emphasis added)). Accordingly, we conclude the trial court did not err by granting UTRGV's plea to the jurisdiction on this basis. We overrule Smith's first issue. Because this issue is dispositive, we need not address Smith's remaining issues. *See* TEX. R. APP. P. 47.1.

### III.    CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA
Justice

Delivered and filed on the
18th day of July, 2024.