Lana ASHCROFT, Appellant

v.

HEPC–ANATOLE, INC., Appellee.

No. 05–07–00123–CV.

Court of Appeals of Texas, Dallas.

Jan. 18, 2008.

**650**

Jerry Hicks, Gant & Hicks, PLLC, Kevin S. Wiley, Jr., Law Offices of Kevin S. Wiley, Jr., Dallas, for Appellant.

Peter J. Harry, David Albert Buono, Brown McCarroll, LLP, Dallas, for Appellee.

Before Justices MORRIS, O'NEILL, and BRIDGES.

## OPINION

Opinion by Justice BRIDGES.

Lana Ashcroft appeals the trial court's judgment dismissing her age-discrimination claims against HEPC–Anatole. In two issues, Ashcroft argues the trial court erred in (1) ruling that she failed to exhaust her administrative remedies by failing to file a charge of discrimination within statutory deadlines and (2) determining she was required to file her discrimination charge within 180 days in order to bring a discrimination claim under the Texas Labor Code. We affirm the trial court's judgment.

On July 27, 2004, HEPC terminated Ashcroft's employment. On March 10, 2005, more than 200 days later, Ashcroft filed a charge of discrimination with the Equal Employment Opportunity Commission. HEPC subsequently filed a motion to dismiss, arguing that Ashcroft failed to exhaust her administrative remedies with respect to her discrimination claims because she failed to file her discrimination claims with the Texas Workforce Commission (TWC) within 180 days, as required by section 21.202 of the Texas Labor Code. Without stating the basis for its order, the trial court dismissed with prejudice all of Ashcroft's claims. This appeal followed.

In her first and second issues, Ashcroft argues the trial court erred in determining that she failed to exhaust her administrative remedies by failing to file a charge of discrimination within statutory deadlines and that a 180–day deadline applied to her claims under the Texas Labor Code. Specifically, Ashcroft argues the filing of her claim with the EEOC within the 300–day limitations period applicable to claims with the EEOC, though outside the 180–day limitations period under section 21.202 of the Texas Labor Code, should result in her claims being effectively filed with both the EEOC and the TWC.

A complaint of employment discrimination must be filed no later than the 180th day after the date the alleged unlawful employment practice occurred. TEX. LAB.CODE ANN. § 21.202(a) (Vernon 2006). This time limit is mandatory and jurisdictional. *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex.1996). The limitations period begins when the employee is informed of the allegedly discriminatory decision. *Id.* Ashcroft cites two cases involving alleged violations of Title VII of the Civil Rights Act of 1964 to support her argument that a 300–day statute of limitations applied to her claims under the Texas Labor Code. *See Mennor v. Fort Hood Nat'l Bank*, 829 F.2d

553, 556 (5th Cir.1987) (300–day filing period of 42 U.S.C. § 2000–5(e) for cases in which state or local agency proceedings have been instituted applies whether or not these other proceedings are timely instituted under state or local law); *Adams v. Cal–Ark Int'l, Inc.*, 159 F.Supp.2d 402, 408 (E.D.Tex.2001) (in Title VII case alleging retaliatory discharge and hostile work environment, 300–day limitations period properly invoked by plaintiff's filing of charge with EEOC instead of directly with Texas Commission on Human Rights). However, Ashcroft has cited no authority, and we have found none, supporting the proposition that filing a claim with the EEOC beyond the 180–day deadline automatically extends the deadline for filing claims under the Texas Labor Code to 300 days.

On the contrary, it is mandatory and jurisdictional that claims under the Texas Labor Code be filed no later than the 180th day after the date the alleged unlawful employment practice occurred. *See* TEX. LAB.CODE ANN. § 21.202(a) (Vernon 2006); *Specialty Retailers*, 933 S.W.2d at 492. Accordingly, the trial court was correct in concluding that Ashcroft's failure to file her claims under the Texas Labor Code within 180 days amounted to a failure to exhaust her administrative remedies and dismissing her claims under the Texas Labor Code. *See Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 487–88 (Tex. 1991). Having concluded a 180–day deadline applied to Ashcroft's claims under the Texas Labor Code, and Ashcroft failed to exhaust her administrative remedies by failing to file her claims within the 180–day period, we overrule her first and second issues.

We affirm the trial court's judgment.