**Affirmed and Memorandum Opinion filed October 26, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00850-CV

## RAFAEL FRIEDRICHSEN, Appellant

## V.

## JOSE RAMON RODRIGUEZ, TASHA HARDY, DANA DARDEN, LISA PIERINI, ROSALVA GUEDEA, AND BBVA COMPASS BANK, N.A., Appellees

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2018-69454**

## MEMORANDUM OPINION

In this employment discrimination suit, appellant Rafael Friedrichsen appeals a plea to the jurisdiction and a summary judgment granted in favor of appellees Jose Ramon Rodriguez, Tasha Hardy, Dana Darden, Lisa Pierini, Rosalva Guedea, and BBVA Compass Bank, N.A. (BBVA).[1] In two issues,

---

[1] Rodriguez, Hardy, Darden, Pierini, and Guedea are employees of BBVA.

Friedrichsen argues the trial court erred in granting: (1) the plea to the jurisdiction over his claims of discrimination and retaliation, based on Friedrichsen's failure to exhaust his administrative remedies; and (2) summary judgment on his claims for intentional infliction of emotion distress (IIED) and defamation, because they were not preempted by the Texas Commission on Human Rights Act (TCHRA). We affirm.

## I. BACKGROUND

On April 13, 2018, BBVA terminated Friedrichsen's employment as an International Wealth Strategist. Friedrichsen was sixty-one years of age.

On September 27, 2018, Friedrichsen filed suit against appellees, asserting causes of action for age and disability discrimination under the TCHRA, retaliation under § 21.055 and wrongful termination under § 21.051 of the Texas Labor Code, IIED, and defamation of his business reputation.[2] Specifically, Friedrichsen's verified petition alleged that he: "received well above average performance reviews" during his employment with BBVA; "followed all employment procedures, code of conduct and ethics"; overheard statements from coworkers and his supervisor (Rodriguez) related to his age on numerous occasions; believed the statements were part of a strategy to get him to retire or resign; and Rodriguez "was spending more time and providing more investors leads [sic] to younger

---

[2] While Friedrichsen's petition provides that he is bringing a claim for disability discrimination, the petition alleges discrimination based on age and only alleges facts supporting age discrimination but does not allege facts supporting disability discrimination. In his charge of discrimination filed with the Texas Workforce Commission, Friedrichsen checked the box indicating he suffered discrimination based on age, but not the box labeled disability discrimination. Furthermore, the only factual statements in Friedrichsen's charge provided: "On February 29, 2016, I began working for BBVA Compass and was discharged on April 13, 2018"; "Mr. Jose Ramon Rodriguez stated I was discharged for falsification of records. Nobody from the Company asked for an explanation of what occurred"; and "I believe I have been discriminated against because of my age (61) in violation of Title VII of the Civil Rights Act of 1964, as amended."

members of the International Wealth Management team."

Friedrichsen also alleged that Guedea, a BBVA employee, initiated a false allegation against him by saying "Rafael, you committed fraud with this document and you will be reported . . . ." As a result, Friedrichsen alleges that he "was caught up in a scheme where he became an innocent victim of a smear campaign which allege[d] he 'scanned and pasted a client's signature' on an application for life insurance totally unrelated to BBVA or any of the [appellees]." Friedrichsen alleged that Pieri and Daren—BBVA's employees in charge of investigating the allegations of fraud against Friedrichsen—carried out a rushed and inadequate investigation resulting in an incorrect conclusion. Friedrichsen "believes that [Rodriguez, Pierini, and Daren] took such adverse actions through intimidation to force him to quit or retire or be terminated."

Friedrichsen further alleged that "on April 13, 2018, [Rodriguez and Hardy] terminated [Friedrichsen] using [a] bogus transaction to frame him ([Friedrichsen]) concluding that [Friedrichsen] 'scanned and pasted a client's signature.'" Finally, Friedrichsen alleged that because of the actions of appellees, he "lost his job and was investigated by FINRA (Financial Industry Regulatory Authority). [Friedrichsen's] FINRA license is adversely impacted which led to [Friedrichsen's] inability to find replacement employment in [the] banking or financial industry."

On January 7, 2019, appellees filed their answer and general denial asserting multiple defenses and affirmative defenses, including that Friedrichsen's claims were preempted by Chapter 21 of the Labor Code and that Friedrichsen failed to comply with all conditions precedent and did not exhaust his administrative remedies. On February 19, 2019, Friedrichsen filed a charge of discrimination with the Texas Workforce Commission Civil Rights Division (TWC) and the Equal

Employment Opportunity Commission (EEOC).[3] In his charge, Friedrichsen stated "I believe I have been discriminated against because of my age (61) in violation of Title VII of the Civil Rights Act of 1964, as amended." On February 28, 2019, the TWC/EECO issued Friedrichsen a right-to-sue letter.

On April 19, 2019, appellees filed a combined plea to the jurisdiction and motion for summary judgment. Appellees' motion argued that Friedrichsen failed to exhaust his administrative remedies as to his discrimination and retaliation claims because he failed to timely file a charge of discrimination with the TWC. As to Friedrichsen's claim for IIED and defamation of his business reputation, appellees argued that those claims were based on the same underlying facts as his discrimination and retaliation claims, and thus, they were preempted by Chapter 21 of the Labor Code and jurisdictionally barred. Appellees attached to their motion Friedrichsen's discrimination charge filed with TWC and EEOC.

Friedrichsen filed a response to appellees' motion and a supplemental response and attached an affidavit by Mario Gutierrez Diez. Friedrichsen argued that the trial court had jurisdiction because the 180-day deadline to file his charge with the TWC was extended to 300 days because he simultaneously filed his charge with the EEOC. Friedrichsen also argued that his claims for IIED and defamation of business reputation did not arise from the same facts as his statutory claims and were not preempted.

After a hearing, the trial court signed an order granting appellees' plea to the jurisdiction and motion for summary judgment and dismissed all of Friedrichsen's claims with prejudice.[4] Friedrichsen filed a motion for new trial and for

---

[3] "A claimant may file a complaint with either the EEOC, the federal agency authorized to investigate charges of discrimination, or the TWC, the Texas equivalent." *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 504 n.4 (Tex. 2012).

[4] The record before us indicates that there is no reporter's record of the hearing.

4

reconsideration, which was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c). This appeal followed.

## II. PLEA TO THE JURISDICTION

In his first issue, Friedrichsen argues the trial court erred when it granted appellees' plea to the jurisdiction over his discrimination and retaliation claims. Friedrichsen argues that his charge was filed with the EEOC within the EEOC's 300-day deadline, thereby extending the deadline to file a charge with the TWC from 180 days to 300 days and vesting the trial court with jurisdiction.

### A. Standard of Review

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction. *Id.* Whether a trial court has subject matter jurisdiction and whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject matter jurisdiction are questions of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

The plaintiff has the initial burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *see Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). If the plaintiff pleaded facts establishing a prima facie case, and the defendant instead challenges the existence of jurisdictional facts, then we consider the relevant evidence submitted. *See Garcia*, 372 S.W.3d at 635; *Metro. Transit Auth. of Harris Cnty. v. Douglas*, 544 S.W.3d 486, 492 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). We take as true all evidence

favorable to the plaintiff and indulge every reasonable inference and resolve any doubts in the plaintiff's favor. *Douglas*, 544 S.W.3d at 492; *see Garcia*, 372 S.W.3d at 635; *Miranda*, 133 S.W.3d at 226. If the relevant evidence is undisputed or if the plaintiff fails to raise a fact question on the jurisdictional issue, then the trial court rules on the plea as a matter of law. *Garcia*, 372 S.W.3d at 635; *see Harris Cnty. Flood Control Dist. v. Kerr*, 499 S.W.3d 793, 798–99 (Tex. 2016) (op. on reh'g).

## B. Unlawful Employment Practices

The TCHRA, codified in Chapter 21 of the Texas Labor Code, prohibits age and disability discrimination and retaliation by employers. *See* Tex. Labor Code Ann. §§ 21.001, 21.051, 21.055, 21.105; *see, e.g., Tex. Tech. Univ. Health Scis. Ctr.-El Paso v. Flores*, 612 S.W.3d 299, 304–05 (Tex. 2020) (age discrimination); *Deville v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, No. 01-19-00830-CV, __S.W.3d __, __, 2021 WL 3775590, at *5–8 (Tex. App.—Houston [1st Dist.] Aug. 26, 2021, no pet. h.) (disability discrimination); *Dias v. Goodman Mfg. Co., L.P.*, 214 S.W.3d 672, 676–77 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (retaliation); *see also Czerwinski v. Univ. of Tex. Health Sci. Ctr. at Hous. Sch. of Nursing*, 116 S.W.3d 119, 122–23 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) ("The [TCHRA] maintains a comprehensive administrative review system for obtaining relief from unlawful employment practices.").

An employer commits an unlawful employment practice if, because of disability or age, the employer discriminates in any manner against an individual in connection with compensation or the terms, conditions, or privileges of employment, including the termination of employment. Tex. Labor Code Ann. § 21.051(1). An employer also commits an unlawful employment practice if the employer retaliates or discriminates against a person who, under Chapter 21 of

the Labor Code, "(1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding or hearing." *Id.* § 21.055.

The TCHRA provisions referring to age discrimination apply only to alleged discrimination against an individual forty years of age or older. *Id.* § 21.101. "[D]iscrimination because of disability or on the basis of disability applies only to discrimination because of or on the basis of a physical or mental condition that does not impair an individual's ability to reasonably perform a job." *Id.* § 21.105.

Generally, an employer commits an unlawful employment practice because of an employee's age or disability if the employee's age or disability was "a motivating factor" for the practice, "even if other factors also motivated the practice." *Id.* § 21.125(a); *Flores*, 612 S.W.3d at 305. Because the TCHRA is modeled after federal civil rights law, we may look to analogous federal precedent for guidance. *Hoffman-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 446 (Tex. 2004); *see* Tex. Lab. Code Ann. § 21.001.

## C.    Exhaustion of Administrative Remedies

Courts consider TCHRA claims only after the plaintiff has exhausted his or her administrative remedies. *Hoffman-La Roche, Inc.*, 144 S.W.3d at 446 (citing *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991), *overruled in part on other grounds by In re United Servs. Auto. Ass'n*, 307 S.W.3d 299 (Tex. 2010) (orig. proceeding)); *see* Tex. Lab. Code Ann. §§ 21.154, 21.201. A complaint of employment discrimination or retaliation under Chapter 21 of the Labor Code must be filed no later than 180 days after the date the alleged unlawful employment practice occurred. Tex. Lab. Code Ann. § 21.202(a). This time limit is mandatory and jurisdictional, and the limitations period begins when the employee is informed of the allegedly discriminatory action. *Specialty Retailers, Inc. v.*

7

*DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996).

### D.    Analysis

Friedrichsen argues that the trial court had jurisdiction over his discrimination and retaliation claims because the 180-day deadline in the Labor Code was extended to the EEOC's 300-day deadline under federal law. However, contrary to Friedrichsen's argument, the EEOC's 300-day deadline does not apply to his claims under Texas law. *See Ashcroft v. HEPC-Anatole, Inc.*, 244 S.W.3d 649, 651 (Tex. App.—Dallas 2008, no pet.); *DeMoranville v. Specialty Retailers, Inc.*, 909 S.W.2d 90, 92 (Tex. App.—Houston [14th Dist.] 1995), *aff'd in part and rev'd in part on other grounds*, 933 S.W.2d 490 (Tex. 1996) (per curiam); *see also Pope v. MCI Telecomm. Corp.*, 937 F.2d 258, 264 (5th Cir. 1991) (noting that Texas "was under no obligation to—and did not—provide a statute of limitations that matches that contained within Title VII," and thus, Texas's strict 180-day limitations period must be followed for state claims under Texas law); *Sullivan v. Univ. of Tex. Health Sci. Ctr. At Hous. Dental Branch*, No. 01-08-00327-CV, 2008 WL 5179023, at *3 (Tex. App.—Houston [1st Dist.] Dec. 11, 2008, pet. denied) (mem. op.) ("We likewise reject Sullivan's attempt to apply the federal limitations period to his state law claims.").

As to Friedrichsen's discrimination and retaliation claims, the Labor Code required him to file his charge of discrimination within 180 days after the alleged unlawful employment practices. *See* Tex. Lab. Code Ann. § 21.202(a). The latest unlawful employment practice alleged by Friedrichsen was the termination of his employment on April 13, 2018; however, Friedrichsen did not file his discrimination charge with the TWC until over ten months later, on February 19, 2019. We conclude that Friedrichsen failed to exhaust his administrative remedies, and thus, the trial court lacked jurisdiction over his discrimination and retaliation

claims based on Texas law. *See Hoffman-La Roche, Inc.*, 144 S.W.3d at 446; *Specialty Retailers*, 933 S.W.2d at 492.

Friedrichsen also argues that the 180-day deadline was subject to equitable tolling. However, equitable tolling is not applicable to the deadline because the statutory filing requirements under Texas law are jurisdictional. *Czerwinski*, 116 S.W.3d at 122–23. As such, we reject this argument. *See id.*

We overrule Friedrichsen's first issue.

## III.  SUMMARY JUDGMENT

In his second issue, Friedrichsen argues the trial court erred when it granted appellees summary judgment on his claims for IIED and defamation of his business reputation. Specifically, Friedrichsen avers the trial court erred because these two claims were not preempted by Chapter 21 of the Labor Code.

### A.  Standard of Review

We review de novo a trial court's ruling on a motion for summary judgment. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). Summary judgment is proper if the defendant conclusively negates at least one essential element of each of the nonmovant's causes of action or conclusively establishes each element of an affirmative defense. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997); *see Salas v. Fluor Daniel Servs. Corp.*, 616 S.W.3d 137, 144–45 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). If the movant produces sufficient evidence to establish the right to summary judgment, then the burden shifts to the nonmovant to come forward with competent controverting evidence raising an issue of material fact. *Centeq*

9

*Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

In reviewing the grant of a traditional summary judgment, we consider all the evidence in the light most favorable to the respondent, indulging all reasonable inferences in favor of the respondent, and determine whether the movant proved that there were no genuine issues of material fact and it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549–48 (Tex. 1985). When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm if any of the independent summary judgment grounds are meritorious. *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency*, 390 S.W.3d 289, 292 (Tex. 2013).

## B.    Applicable Law

Chapter 21 of the Labor Code applies to common-law causes of actions when the gravamen of the cause of action is the same as a complaint for discrimination or retaliation. *See Waffle-House*, 313 S.W.3d at 802–09; *City of Waco v. Lopez*, 259 S.W.3d 147, 156 (Tex. 2008); *Hoffman-La Roche*, 144 S.W.3d at 448. The gravamen of a claim is its true nature, as opposed to what is simply alleged or artfully pleaded. *B.C. v. Steak N Shake Operations, Inc.*, 512 S.W.3d 276, 281 (Tex. 2017). As noted above, an employee must exhaust and satisfy the administrative remedies and comply with the statutory deadline to bring suit pursuant to Chapter 21 of the Labor Code. *See Hoffman-La Roche, Inc.*, 144 S.W.3d at 446.

## C.    Analysis

Whether the trial court erred when it granted summary judgment as to Friedrichsen's IIED and defamation claims depends on whether the gravamen of

his claims is discrimination and retaliation. *See Waffle-House*, 313 S.W.3d at 802–09; *City of Waco*, 259 S.W.3d at 156; *Hoffman-La Roche*, 144 S.W.3d at 448.

### 1. IIED

Friedrichsen's petition states:

**Intentional Infliction of Emotional Distress:**

Additionally, [appellees] intentionally caused [Friedrichsen] emotional distress by the hostile employment, environment and the eventual false allegation that [Friedrichsen] "scanned and pasted a client's signature" to terminate [Friedrichsen] from his employment at BBVA. [Appellees'] conducts proximately caused severe emotional distress to [Friedrichsen] which led to his damages as set forth below.

Friedrichsen's petition also provides that the false allegation was made against him "to force him to quit or retire or be terminated" and that the motivation behind it was his age.

Based on the allegations in Friedrichsen's petition, the gravamen of his claim for IIED is age discrimination and retaliation. In other words, the gravamen of Friedrichsen's IIED claim is that appellees, motivated by Friedrichsen's age, created a hostile work environment and fabricated an accusation against him, which was used to terminate his employment and which caused him emotional distress. Thus, we conclude that Friedrichsen's IIED claim is preempted by Chapter 21 as a matter of law, and the trial court properly granted appellees summary judgment as to this claim. *See Hoffman-La Roche*, 144 S.W.3d at 448; *see, e.g.*, *City of Waco*, 259 S.W.3d at 156 (concluding that, even though plaintiff did not invoke Chapter 21 in his pleadings, plaintiff's suit for retaliation involving racial discrimination should be dismissed because "his claim falls squarely within [Chapter 21's] ambit"); *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816–18 (Tex. 2005) (concluding that plaintiff's claim for IIED was barred by preemption because it was based on numerous acts of sexual harassment, and thus, covered by

Chapter 21).

## 2. *Defamation of Business Reputation*

As to Friedrichsen's claim for defamation of his business reputation, his petition states:

> When [appellees] realized that the direct and indirect adverse and hostile work environment designed to encourage [Friedrichsen] to voluntarily resign was not bringing the desire[d] result ([Friedrichsen] was not going to voluntarily resign), [Friedrichsen] was framed and wrongfully accused of "violation of Code of Conduct 2.2" of BBVA Compass Code of Conduct.
>
> . . . .
>
> **Defamation of Business Reputation:**
>
> [Appellees] have contributed to BBVA's publication of a statement of alleged facts which were false that [Friedrichsen] violated a Code of Conduct (known in the financial industry) which led to FINRA's adverse outcome of [Friedrichsen's] license investigation. [Friedrichsen] has suffered [a] substantial amount of damages due to his inability to find replacement employment in [the] financial industry. Prior to the date of this lawsuit, [Friedrichsen] attempted to explain that this allegation which concluded in [Friedrichsen] being wrongfully accused of "violation of Code of Conduct 2.2" of BBVA Compass Code of Conduct was false because it was based on incorrect information which led to unfair, unsubstantiated, and unjust investigative conclusion. [Appellees] were made known of the fact that the accusation is/was false. [Appellees] continued to insist on the falsity of the information which led to false conclusion.
>
> [Appellees'] statement referred to [Friedrichsen] by his name. [Appellees'] statement is clearly defamatory. [Appellees'] statement constitutes libel per se. [Appellees'] statement is false. [Friedrichsen] has proven and will prove that [appellees] knew or should have known through proper investigation and factual verification that [Friedrichsen] did not violate BBVA Compass Code of Conduct at all. [Appellees] acted with malice. [Appellees'] statement was intended to inflict harm on [Friedrichsen's] business reputation as a form of punishment because [Friedrichsen] did not voluntarily resign from his

position as International Wealth Strategist at BBVA.

As noted by these allegations, Friedrichsen's complaint regarding the defamation of his business reputation is also based on his allegations that appellees, motivated by his age, fabricated an accusation against him and used it to terminate his employment, which led to an adverse action by FINRA that negatively impacted his business reputation. Therefore, we conclude that the gravamen of Friedrichsen's claim for defamation of his business reputation is age discrimination and retaliation. *See City of Waco*, 259 S.W.3d at 156; *Hoffman-La Roche*, 144 S.W.3d at 448; *see also Pruitt v. Int'l Ass'n of Fire Fighters*, 366 S.W.3d 740, 750 (Tex. App.—Texarkana 2012, no pet.) (concluding that plaintiff's IIED, breach of fiduciary duty, and tortious interference claims were preempted by Chapter 21 because the gravamen of plaintiff's claims was racial discrimination); *Woods v. Cmtys. in Sch. Se. Tex.*, No. 09-14-00021CV, 2015 WL 2414260, at *10 (Tex. App.—Beaumont May 21, 2015, no pet.) (mem. op.) (concluding that plaintiff's breach of contract and fraud claims were foreclosed by Chapter 21 because they were "inextricably intertwined with the facts giving rise to their complaints of race discrimination and retaliation"). As such, we conclude that Friedrichsen's claim for defamation of his business reputation is preempted by Chapter 21 as a matter of law, and the trial court properly granted appellees' summary judgment as to this claim

Friedrichsen also argues that he raised a fact issue precluding summary judgment and points to Diez's affidavit attached to his response to appellees' motion for summary judgment. According to Friedrichsen, the signature appellees accused him of copying and scanning was Diez's. Diez's affidavit provides that Friedrichsen scanned Diez's signature onto a life insurance document with Diez's consent. However, this evidence does not raise a fact issue as to whether

Friedrichsen's claims are preempted by Chapter 21. We reject this argument.

Finally, Friedrichsen also argues that appellees failed to plead preemption in their answer to his lawsuit. Contrary to Friedrichsen's argument, however, appellees' answer stated: "To the extent applicable, some or all of [Friedrichsen's] claims are barred and/or preempted by Chapter 21 of the Texas Labor Code . . . ."

We overrule Friedrichsen's second issue.

## IV. CONCLUSION

Having overruled all of Friedrichsen's issues on appeal, we affirm the trial court's judgment.

/s/ Margaret "Meg" Poissant
Justice

Panel consists of Justices Jewell, Poissant, and Wilson.

14